## FEDERAL UNDERWRITERS EXCHANGE v. BOBBITT.

### No. 5367.

Court of Civil Appeals of Texas. Texarkana.

Feb. 24, 1939.

Rehearing Denied March 2, 1939.

Touchstone, Wight, Gormley & Price and Saunders & Williams, all of Dallas, for plaintiff in error.

Webb & Webb, of Sherman, and Cunningham & Lipscomb, of Bonham, for defendant in error.

HALL, Justice.

This is a suit under the Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq. Defendant in error at the time of his alleged injury was employed by the Double-Dip Ice Cream Company, and plaintiff in error was the insurance carrier. Defendant in error claimed an injury in the course of his employment which resulted in hernia. He gave notice of said injury as required by law and filed with the Industrial Accident Board his claim for compensation. The Board allowed his claim, fixing his weekly compensation and directing plaintiff in error to furnish and provide him with an operation for hernia not earlier than July 27, 1936, and not later than August 6, 1936. This was not furnished or provided by plaintiff in error, and on August 31, 1936, the Industrial Accident Board set aside its former order, and entered an order in favor of defendant in error for weekly compensation for an indefinite period not to exceed 401 weeks. In due time plaintiff in error filed suit in the District Court of Fannin County to set aside said award. Defendant in error answered, and by cross action set up his injury, and attached to his original answer and cross action both awards of the Industrial Accident Board theretofore made in his behalf. Plaintiff in error answered defendant in error's cross action with general denial. Trial was to a jury on special issues, all of which were answered favorably to defendant in error. Judgment was entered for him, and plaintiff in error has appealed.

The first proposition advanced by plaintiff in error is: "Since it is reversible error for the trial court to permit a jury to take the pleadings with them into retirement if they contain matters that could not be properly used as evidence, it was reversible error for the trial court in this case, which involved an appeal by the insurance carrier from the award of the Industrial Accident Board in favor of the employee, to permit the jury, over the objection of the insurance carrier, to take with them into retirement the pleadings in the case which had attached to them, as exhibits, copies of the awards of the Board in favor of the employee." In our opinion this proposition presents error. Plaintiff

in error timely objected to the action of the court in delivering to the jury the pleadings in the cause and in permitting them to carry same into the jury room during their deliberations. This objection was overruled by the court and the jury were permitted to take into the jury room plaintiff's original petition, plaintiff's supplemental petition, defendant's original answer and cross action, to which was attached the two awards of the Industrial Accident Board, and defendant's first amended original answer and cross action. The two awards by the Industrial Accident Board are:

"On this 17th day of July, 1936, after due notice to all parties, came on to be considered by the Industrial Accident Board claim for compensation by Willard Bobbitt against Federal Underwriters Exchange, and Board finds and orders:

"On April 4th, 1936, Double Dip Ice Cream Company, a subscriber to the Employers Liability with insurance carried by Federal Underwriters Exchange who had in its employ Willard Bobbitt whose average weekly wage was $14.75 and compensation rate $8.85 per week under the Act. On said date Willard Bobbitt suffered injuries in course of employment resulting in an original hernia for which he is entitled to make recovery.

"Willard Bobbitt is ordered to submit himself to surgical operation at the hands of a surgeon to be arranged and agreed upon by and between Willard Bobbitt and the Federal Underwriters Exchange on a date not earlier than July 27th, 1936, and not later than August 6th, 1936, unless operation is performed on an earlier date by agreement between the parties. Such operation shall be performed at a hospital to be designated by the operating surgeon, and the reasonable expense incident thereto shall be paid by Federal Underwriters Exchange. If Willard Bobbitt undergoes operation and it proves successful and effects a cure he shall recover and have paid to him by the Federal Underwriters Exchange $8.85 per week for the definite period of 26 consecutive weeks from date of operation.

"An attorney's fee of 15% on the unpaid portion of this award, is ordered paid out of installment payments by Federal Underwriters Exchange to Webb & Webb, of Sherman, Texas, attorneys for Willard Bobbitt. Previous payments of compensa-

tion, if any, and attorney's fees shall be deducted from this award.

"If either party fails or refuses to comply with this award upon notification of this fact claim will be set and heard upon its merits and further award made and entered by the said Board.

"(Second Award)

"On this 31st day of August, 1936, after due notice to all parties, came on to be considered by the Industrial Accident Board review of award made and entered under date of July 17th, 1936, and Board finds and orders:

"That the Federal Underwriters Exchange has failed and refused to furnish and provide surgical operation directed to be and performed upon Willard Bobbitt. Therefore, award of July 17th, 1936, is set aside, cancelled and held of no binding force or effect, and the following award entered as the award of the Board, to-wit:

"Willard Bobbitt, Employee, vs. Double Dip Ice Cream Company, Employer, Federal Underwriters Exchange; Insurer. No. V–15102.

"On this 31st day of August, 1936, after due notice to all parties, came on to be considered by the Industrial Accident Board, claim for compensation by Willard Bobbitt against the Federal Underwriters Exchange, and Board finds and orders:

"In April 4th, 1936, Double Dip Ice Cream Company, a subscriber to the Employer's Liability Law with insurance carried by Federal Underwriters Exchange had in its employ Willard Bobbitt whose average weekly wage was $14.75 and compensation rate $8.85 per week under the Act. On said date Willard Bobbitt suffered injuries in the course of employment resulting in his total incapacity for performance of labor for an indefinite period in the future not exceeding 401 weeks.

"Federal Underwriters Exchange is ordered to pay Willard Bobbitt $8.85 per week for an indefinite period in the future not exceeding 401 consecutive weeks from April 4th, 1936, unless charged by subsequent award of the Board.

"An attorney's fee of 15% on the first $1000 and 10% on amounts in excess of said first $1,000 paid on this award, is ordered paid out of installment payments by Federal Underwriters Exchange to Webb & Webb of Sherman, Texas, attor-

neys for Willard Bobbitt. Previous payments of compensation, if any, and attorney's fees shall be deducted from this award."

■ These awards formed no part of the evidence to be considered by the jury and were admissible in the record only for the purpose of showing jurisdiction of the trial court. Fidelity Union Casualty Co. v. Cary, Tex.Com.App., 25 S.W.2d 302; Texas Employers Ins. Ass'n v. Downing, Tex.Civ.App., 218 S.W. 112, writ refused. They contain matters improper for the jury to consider, and the burden rested with defendant in error to show that no harm resulted to plaintiff in error by reason of the jury being permitted to take with them to the jury room during their deliberations the pleadings of the parties together with attached exhibits. Chapin v. Putnam Supply Co., 124 Tex. 247, 76 S.W.2d 469, 470. While the case last cited holds that "It would [not] be error in all cases for the jury to take with them in their retirement the pleadings in the case," it is clear to us that under the facts and circumstances of this case, taking into consideration the nature of the exhibits attached to the defendant in error's first pleading, the duty plainly rested with defendant in error to show beyond any reasonable doubt that no harm resulted to plaintiff in error. Chapin v. Supply Co., supra; Putnam Supply Co. v. Chapin, Tex. Civ.App., 45 S.W.2d 283. No such showing was attempted by defendant in error, and under the decisions of the Supreme Court this cause must be reversed.

■ By its fifth proposition plaintiff in error complains of the action of the trial court in permitting defendant in error to testify over objection timely interposed as follows:

"Q. Now, then, did you ever refuse to be operated on by this Company? A. No, sir.

"Q. Have they ever offered to operate on you? A. No."

It is our opinion that this proposition also presents error. As set out above, the Industrial Accident Board made two awards in this case. The first was for a specified sum of money per week for a fixed number of weeks, and, in addition, required plaintiff in error to furnish and provide defendant in error with an operation for hernia within the time fixed by the Board. The second award set the first one aside for the failure of plaintiff in error to furnish and provide the operation for hernia, and fixed defendant in error's compensation the same as in the first award for an indeterminate period not to exceed 401 weeks. This action by the Industrial Accident Board concluded the question of an operation for hernia. The Board and not the court had authority to require an operation. On this question the case of Tally v. Tex. Emp. Ins. Ass'n, 129 Tex. 134, 102 S.W.2d 180, 183, is controlling. Justice Critz, speaking for the Supreme Court in that case, said: "In view of the fact that under this decision this case is still pending and undisposed of in the district court, we deem it proper to express our views regarding the power of the courts in hernia cases. It will be noted from what we have said that the Accident Board is given certain powers and enjoined to perform certain duties in hernia cases where it finds that liability exists. In this regard the board has the right and power to enter interlocutory as well as final orders and awards. No such power is given the courts in such cases. In this regard, when a hernia case reaches a court, the rights of the parties have already become fixed by the events previously transpiring, and the court only has the power and jurisdiction to finally try the case and enter one final judgment. The court in this case has no power to require a hernia operation." The Board has made its final award and it was the duty of the district court, on appeal to it by either party, to try the case de novo with respect to injury, the degree of disability resulting therefrom and the duration of same, under the general provisions of the Employer's Liability Act. Tally v. Tex. Emp. Ins. Ass'n, supra. Thus we conclude that the evidence complained of could have no material bearing on the issues of this case legally determinable in the district court.

■ Plaintiff in error also complains of the conditional submission of certain issues to the jury. We suggest, without passing upon this question in view of another trial, that all disputed issues of fact be unconditionally submitted to the jury for determination with the burden of proof properly placed at the beginning of each issue. Southern Underwriters v. Wheeler, 123 S.W.2d 340, not yet re-

ported [in State Report], opinion by Commission of Appeals adopted by Supreme Court.

All other propositions not discussed herein have been carefully examined, are believed to be without merit, and are overruled.

For the reasons indicated above, the judgment is reversed and the cause is remanded.