## FEDERAL UNDERWRITERS EXCHANGE v. THOMPSON.

### No. 3595.

Court of Civil Appeals of Texas. Beaumont.

Jan. 25, 1940.

Rehearing Denied Feb. 7, 1940.

Gordon, Sharfstein, Bell & Weinert, of Beaumont, and James F. Parker, of Kountze, for appellant.

D. F. Sanders and John Veillon, both of Beaumont, and R. A. Richardson, of Kountze, for appellee.

WALKER, Chief Justice.

This is a Workmen's Compensation case, with appellee, D. A. Thompson, the employee; appellant, Federal Underwriters Exchange, the compensation insurance carrier; and Peavy-Moore Lumber Company the employer. On the verdict of the jury, appellant on the 22nd day of July, 1938, suffered an inguinal hernia under the conditions prescribed by Sec. 12b of Art. 8306, Vernon's Ann.Civ.St., which resulted in his total, permanent disability; and he was an employee of Peavy-Moore Lumber Company, and not the employee of an independent contractor, at the time he suffered the injury. The jury fixed appellee's average weekly wage at $12.50, and found facts entitling him to a lump sum settlement. On the verdict, judgment was entered in appellee's favor against appellant for the sum of $2,540.45, to be paid in a lump sum, with interest at the rate of six per cent per annum from the 7th day of June, 1939, the date of the judgment, together with all costs, from which appellant has duly prosecuted its appeal to this court.

■ On the pleadings and evidence, appellant contends that appellee's compensation should be limited to 52 weeks under the provisions of Sec. 12b, Art. 8306. On the pleadings, appellant contends that appellee did not allege that the Industrial Accident Board made a final ruling on the issue of "operation" as prescribed by Sec. 12b, supra, of the Workmen's Compensation Act. This contention is denied. Appellee alleged that the Board "made its final award and ruling refusing to order an operation and denying plaintiff any relief in this cause." There was no exception to this allegation. Giving the petition the benefit of all reasonable intendments, we think it clear that appellee alleged a final ruling on all issues on appellant's right to demand and appellee's duty to submit to an operation.

■ On appellant's point that appellee did not prove facts entitling him to compensation generally as distinguished from compensation for the hernia, the contention is made that the Board did not make a final ruling on the issue of operation. That contention is denied. We give the final award of the Board:

"On this 14th day of February, 1939, after due notice to all parties, came on to be considered by Industrial Accident Board claim for compensation by D. A. Thompson on review against Federal Underwriters Exchange, and Board finds and orders:

"That evidence filed at the hearing of this claim on review convinces the Board that mistake and error was committed in entering award of December 23rd, 1938, in which an operation for hernia was awarded. Therefore, said award is set aside, cancelled and held of no binding force or effect, and the following is entered as the award of the Board, to-wit:

"D. A. Thompson, Employee, vs. Peavy-Moore Lumber Company, Employer. Federal Underwriters Exchange, Insurer. X–24864

"On this 14th day of February, 1939, after due notice to all parties, came on to be considered by Industrial Accident Board claim for compensation by D. A. Thompson against Federal Underwriters Exchange, and Board finds and orders:

"That said D. A. Thompson, and his attorney of record in this claim, have failed to sustain the burden imposed upon him by law to establish by proof that he was an employee of the subscribing employer herein as alleged, but to the contrary it appears he was working for an independent contractor. Therefore, his said claim for compensation is denied and Federal Underwriters Exchange is finally discharged from all liability by reason of this claim for compensation."

It appears from the final award that the Board first found in appellee's favor on the issue of operation. Appellant failed and refused to comply with that award but, on its motion, convinced the Board that appellee was the employee of an independent contractor and not of Peavy-Moore Lumber Company, and, therefore, that it was not liable for the compensation. The jury found against appellant on the issue of independent contractor.

■ The issue of the "operation" was not justiciable in the district court, but was finally determined by the ruling of the Board. In Tally v. Texas Employers' Ins. Ass'n, 129 Tex. 134, 102 S.W.2d 180, 183, our Supreme Court said: "In this regard, when a hernia case reaches a court, the rights of the parties have already become fixed by the events previously transpiring, and the court only has the power and jurisdiction to finally try the case and enter one final judgment. The court in this case has no power to require a hernia operation." Appellee was not required to plead a willingness on his part to submit to the operation, nor did appellant have the right to demand the operation. In Federal Underwriters Exchange v. Bobbitt, Tex.Civ.App., 125 S.W.2d 1084, 1087, it was said: "The second award set the first one aside for the failure of plaintiff in error to furnish and provide the operation for hernia, and fixed defendant in error's compensation the same as in the first award for an indeterminate period not to exceed 401 weeks. This action by the Industrial Accident Board concluded the question of an operation for hernia. The Board and not the court had authority to require an operation." This authority is directly in point on the proposition that, when appellant refused to perform the operation under the first award and secured an amended award relieving it of liability, it was concluded on the question of an operation for the hernia.

■ On the authorities cited, having refused to comply with the first order, awarding the operation, appellant was liable to appellee under the general provisions of our

Workmen's Compensation Act, Sec. 10 of Art. 8306, R.C.S., and not under the hernia provisions, Sec. 12b, supra.

From what we have said, it clearly follows that the court did not err in entering judgment in appellee's favor on the finding of total, permanent disability.

The evidence did not raise in appellant's favor the issue that appellee was doing, and was able to perform, "the same character of work he was doing when injured"; and, therefore, the court did not err in refusing to submit to the jury appellant's requested charge on that issue.

The judgment of the lower court is affirmed.