## J. J. TALLY V. TEXAS EMPLOYERS' INSURANCE ASSOCIATION.

No. 7145.  Decided February 3, 1937.
Rehearing overruled March 17, 1937.
(102 S. W., 2d Series, 180.)

*Bailey P. Lofton, C. F. Stevens* and *C. M. Anderson,* of Houston, for plaintiff in error.

It was error for the Court of Civil Appeals to overrule Tally's motion to modify and render judgment in favor of Tally and against the Insurance Association for compensation under the general provisions of the Compensation Act, for 401 weeks compensation. Bankers Lloyds v. Pollard, 40 S. W. (2d) 859; Mingus v. Wadley, 115 Texas 551, 285 S. W. 1084; Federal Surety Co. v. Cook, 119 Texas 89, 24 S. W. (2d) 394.

*Sewell, Taylor, Morris & Garwood,* of Houston, for defendant in error.

MR. JUSTICE CRITZ delivered the opinion of the Court.

This case has had a rather checkered career. It appears that J. J. Tally, plaintiff in error, claimed to have sustained an injury, which produced a hernia, in the course of his employment with North Texas Transfer & Warehouse Company. The injury is alleged to have occurred in Harris County, Texas. Defendant in error, Texas Employers' Insurance Association, was the employer's compensation insurance carrier. Tally duly filed claim with the Industrial Accident Board against the above named insurance carrier. On hearing before the Board it made an order or interlocutory award which, in effect, required that Tally submit himself for a hernia operation to be furnished by the Insurance Association. The order then provided that in case such operation should prove successful the Association should pay him compensation for twenty-six weeks at the rate of $13.85 per week. The order further provided that in the event such operation should not prove successful then Tally should be compensated under the general provisions of our Compensation Law. The order further provided, in substance, that pending the outcome of the events to transpire thereafter the Board would reserve the right to make future lawful orders. The Insurance Association gave timely notice of its intention not to abide by the above award, and in due time filed its petition to set the same aside in the county court at law of Harris County, Texas. Tally filed in such court a plea challenging the jurisdiction. This plea was overruled. Tally then filed a cross action seeking recovery in an amount in excess of the jurisdiction of the court. The court sustained a demurrer to the cross action. On final hearing the court rendered judg-

ment setting aside the award of the Accident Board, but declined to render judgment otherwise. The case was appealed and finally reached this Court. On final hearing in this Court it was held that the original order or award of the Accident Board was not a final award and therefore, under Section 5 of Article 8307, R. C. S. 1925, was not appealable. It was further in effect held that the matter should again be presented to the Board to make its final award, in which event either party could appeal. In this connection the former opinion in this case announced the following applicable rules of law, which we here reaffirm:

1. Our Compensation Law only allows appeals to the courts from final rulings and decisions of the Accident Board.

2. The courts of this State, in compensation cases, are not clothed with jurisdiction to determine the amount of compensation to be awarded an injured employee until such issue has first been passed on by the Board.

3. All questions arising under our Workmen's Compensation Law must first be passed on by the Accident Board.

4. Under Subdivision 4 of Section 12 of Article 8306, R. C. S. 1925, compensation insurers are required to provide the injured employee in a hernia case, where liability exists, with surgical treatment by radical operation.

5. If the injured employee in a hernia case refuses to submit to an operation, and it is found by proper statutory medical examination that he is not suffering from such chronic disease or other physical condition as would render an operation more than ordinarily unsafe for him to undergo, he shall be compensated under the general provisions of our Compensation Law for a period not exceeding one year.

6. Should the injured employee in a hernia case submit to an operation therefor, and it be successful, and after such fact shall be determined by the Board, he shall receive compensation for twenty-six weeks, and in addition thereto the insurance carrier shall pay the expenses of such operation.

7. If the injured employee in a hernia case submits to an operation, and same is unsuccessful, and the injury does not result in death, he is entitled to compensation under the general provisions of our Compensation Act.

8. If the injured employee in a hernia case is willing to submit to a hernia operation after the same has been ordered by the Board, and the insurance carrier liable therefor refuses to furnish it, such employee is entitled to compensation under

the general provisions of our Compensation Law.

9. From all the above rules of law and statutory provisions there can be no final award in a hernia case until the Board has definitely and finally fixed the specific compensation which it finds the injured employee is entitled to receive.

After making the above rulings this Court reversed the judgments of the two lower courts on the former appeal and dismissed the cause. The result of the former opinion of this Court was to hold that the case as then presented was still before the Industrial Accident Board undisposed of, and that such Board would have to make a final award before appeal could be had to a court. Tally v. Texas Employers' Insurance Ass'n., (Com. App.) 48 S. W. (2d) 988.

After the happening of the above events Tally presented to the Accident Board his petition and request that it again consider his application for compensation and enter its final award. After the filing of this request and petition the Accident Board again considered Tally's application for compensation and entered its final award. By the terms of this award Tally was awarded compensation at the rate of $13.85 per week for an indefinite period not exceeding 401 weeks, unless changed by a subsequent order of the Board, as for total and permanent incapacity. The order contained matters regarding attorney's fees not necessary to detail here.

The Association again gave timely notice of its intention not to abide by the order of the Accident Board last above mentioned, and in due time filed its petition in the 113th district court of Harris County, Texas, seeking to set it aside. Tally duly filed his cross action in usual form, wherein he sought to recover lump sum compensation for total and permanent incapacity. When the case was tried in the district court the following judgment, which is the basis of this appeal, was entered:

"On this the 15th day of June, 1933, came on to be heard the above entitled and numbered cause, and all parties plaintiff and defendant appeared in open court and announced ready for trial.

"A jury was duly impaneled and sworn to try the case, and the pleadings were read and evidence offered. At the conclusion of the evidence the court submitted the case to the jury upon special issues, in answer to which the jury found as follows:

"(1) That J. J. Tally on September 22nd, 1928, was an employee of the North Texas Transfer & Warehouse Company; (2) that J. J. Tally on said date was not an employee of

the Interurban Railway Express Company; (3) that the injuries received by J. J. Tally on said date resulted in a hernia; (4) (a) that the hernia appeared suddenly, (b) that the hernia appeared immediately following the alleged injury, (c) that the hernia did not exist in any degree prior to the injury claimed, (d) that the injury claimed was accompanied by pain; (5) that the average weekly wage of J. J. Tally at the time and for one year prior to September 22nd, 1928, was $25.00 per week; (6) that J. J. Tally was totally incapacitated for work as a proximate result of the injury received by him on September 22nd, 1928; (7) that such total incapacity is not permanent; (8) that it would not work a manifest hardship and injustice on Tally if the compensation allowed is not paid in a lump sum instead of by weekly payments.

"All of the foregoing findings are fully set out in the charge of the court and in the verdict of the jury, signed by its foreman Hugh Wood, which was duly received and filed in this cause.

"Upon the verdict of the jury, the pleadings of the parties and the undisputed evidence, the court finds as follows:

"The defendant, J. J. Tally, having testified that he is now willing to undergo an operation at the hands of Dr. E. M. Armstrong of Houston, Texas, for the correction of the hernia sustained by him, and said Doctor having made a physical examination to determine the advisability of said operation, and having reported to the court that said operation is advisable, and the plaintiff, Texas Employers' Insurance Association, having by its pleadings and in open court tendered the cost of said operation at the hands of said Doctor to the said J. J. Tally, in the event that it was determined that said Texas Employers' Insurance Association was liable for any sum, and the jury having found that said Texas Employers' Insurance Association was liable to Tally for the hernia sustained by him, the court is of the opinion that said operation should be performed by Dr. E. M. Armstrong within a reasonable time.

"It is, therefore, ORDERED, ADJUDGED and DECREED by the court that the defendant, J. J. Tally, shall within thirty (30) days from the entry of this judgment submit himself to Dr. E. M. Armstrong for the purpose of undergoing an operation for the hernia sustained by him, and that when said operation is performed the reasonable cost thereof, together with reasonable cost of the medical expenses and hospital bills incurred in connection with said operation, shall be paid by the plaintiff, Texas Employers' Insurance Association.

"It is further ORDERED, ADJUDGED and DECREED by the court

that pending the aforesaid operation, the matter of awarding compensation therefor shall be held open for the further determination of the court.

"IT IS FURTHER ORDERED, ADJUDGED and DECREED by the court that all costs incurred in this suit are hereby taxed against the plaintiff, Texas Employers' Insurance Association,—for all of which execution may issue. To which action of the Court the Defendants in open court excepted."

1 We think a casual reading of the above order or judgment will demonstrate that it is not a final order or judgment, but, on the contrary, is purely, in substance and in form, an interlocutory order only. In fact it is in legal effect the same order as was entered by the Accident Board in the former appeal of this case. It was held that the order of the Board was not a final award. Certainly if the order of the Board was not a final award, the order of the court, in substance and in form, to the same effect is not a final judgment.

After the entry of the above order by the district court Tally attempted to appeal the same to the Court of Civil Appeals at Galveston. On final hearing in that court it was in substance determined that the order of the district court was not a final judgment. In spite of this the Court of Civil Appeals reversed the judgment of the district court and remanded the cause so that Tally, "if he so desires, may yet have the benefit of the hernia operation, * * *." 93 S. W. (2d) 1209. The case is before this Court on writ of error granted on application of Tally.

2 As already stated the order of the district court, upon which this appeal is attempted to be based, is not a final judgment. It is settled by our statutes and a long and unbroken line of decisions by this Court that appeals and writs of error in civil cases will not lie from a district or county court to a Court of Civil Appeals, except to review final judgments of such lower courts. Vernon's Annotated Texas Statutes, 1925, Art. 2249, and authorities there cited; 3 Texas Jurisprudence, p. 105, Sec. 53 et seq. and authorities there cited. It is true that there are certain specific statutory exceptions to his rule, but the case at bar is not one of them. It follows that this appeal must be dismissed.

3 In view of the fact that under this decision this case is still pending and undisposed of in the district court, we deem it proper to express our views regarding the power of the courts in hernia cases. It will be noted from what we have said that the Accident Board is given certain powers, and enjoined to

perform certain duties in hernia cases where it finds that liability exists. In this regard the Board has the right and power to enter interlocutory as well as final orders and awards. No such power is given the courts in such cases. In this regard, when a hernia case reaches a court the rights of the parties have already become fixed by the events previously transpiring, and the court only has the power and jurisdiction to finally try the case and enter one final judgment. The court in this case has no power to require a hernia operation.

For the reasons stated, the judgment of the Court of Civil Appeals is set aside and this appeal is dismissed without prejudice to the right of either party to prosecute this cause to final judgment in the district court.

Opinion delivered February 3, 1937.

Rehearing overruled March 17, 1937.