NATIONAL MUTUAL CASUALTY COMPANY V. THOMAS JEFFERSON LOWERY.

No. 7721.   Decided February 12, 1941.
Rehearing Overruled March 26, 1941.
(148 S. W., 2d Series, 1089.)

*Wagstaff, Harwell, Douthit & Alvis* and *E. L. Harwell,* all of Abilene, for plaintiffs in error.

This being a suit for compensation for hernia under. the Workmen's Compensation insurance laws of Texas; and there being neither allegation nor proof that defendant in error suffered any injury other than hernia, nor that the hernia had involved any other portion of his body, and it being undisputed that the Industrial Accident Board did not order plaintiff in error to furnish an operation, and it being undisputed that no operation was furnished, the injury was a specific injury and the Court of Civil Appeals erred in holding that it was a general injury and that defendant in error (Lowery) was entitled to recover for total and permanent disability. Texas Emp. Ins. Assn. v. Lemons, 33 S. W. (2d) 251; Id., 125 Texas 373, 83 S. W. (2d) 658; Jasper v. Liberty Mut. Ins. Co., 119 S. W. (2d) 386; Ellis v. United States Fid. & Guar. Co., 6 S. W. (2d) 811.

*J. D. Barker,* of Sweetwater, *Herman C. Charles,* of Rotan, and *Armstrong, Cranford, Barker & Bedford,* of Galveston, for defendant in error.

There being ample support in the testimony that claimant, a victim of an accident which resulted in a hernia, was willing at all times to undergo an operation, and it being shown that the insurer failed and refused to furnish or offer to furnish claimant with an operation and that the Industrial Accident Board failed to order claimant to submit to an operation and denied his claim, the provisions of the act restricting compensation for hernia to a specific injury were inapplicable and claimant was entitled to compensation under the general provisions of. the act. Columbia Casualty Co. v. Ray, 5 S. W. (2d)

230 (error dismissed) ; Texas Emp. Ins. Assn. v. Neatherlin, 31 S. W. (2d) 673; Id., (Com. App.) 48 S. W. '2d) 967; Johnson v. Assurrance Corp., 131 Texas 357, 112 S. W. (2d) 449.

MR. JUSTICE CRITZ delivered the opinion of the Court.

This is a Workmen's Compensation case. It was filed in the District Court of Fisher County, Texas, by defendant in error, Thomas Jefferson Lowery, against the plaintiff in error, National Mutual Casualty Company, hereinafter referred to as the Casualty Company. Trial in the district court, with the aid of a jury, resulted in a verdict and judgment for Lowery. This judgment was affirmed by the Eastland Court of, Civil Appeals. 135 S. W. (2d) 1044.

This record, interpreted in the light of the verdict of the jury, shows that Lowery on the 9th day of September, 1937, received an injury; that such injury was received while working in the course of employment for National Tank Company; that National Tank Company was subject to and insured under our Workmen's Compensation Laws; that National Mutual Casualty Company was National Tank Company's compensation insurance carrier; that Lowery's injury consisted of or resulted in a hernia, under circumstances which may have rendered it, compensable as a specific injury; that Lowery filed claim for compensation with the Industrial Accident Board; that the Casualty Company was named as National Tank Company's compensation insurance carrier in the proceedings before the Board; that neither before nor during the proceedings before the Board did such insurance carrier acknowledge any liability to Lowery, or tender him a surgical operation for his hernia; that the Board heard and considered Lowery's application or claim; that the Board refused Lowery any relief whatever, thereby refusing to order this insurance carrier to furnish a surgical operation; that Lowery duly appealed to the district court; that in the trial in the district court Lowery claimed that his hernia injury had resulted in permanent total incapacity; that the district court so determined, and awarded compensation as for a general, and not a specific, injury. We here pause to note that Lowery alleged in his petition in the district court that he had been willing to undergo an operation, unless it was more than ordinarily unsafe for him to do so. Also the jury found that Lowery was willing to submit to an operation, and that the Casualty Company had refused to furnish it.

By various assignments of error the Casualty Company contends that under the above record the Court of Civil Appeals

erred in affirming the judgment of the district court, because in doing so the Court of Civil Appeals erroneously ruled that the Casualty Company was, and is, obligated or liable to compensate Lowery as for a general, and not a specific, injury.

■ A reading of Article 8306 of our Workmen's Compensation Laws will disclose that it divides compensable injuries into two main classes: (a) General injuries, and (b) specific injuries. As we interpret the pertinent provisions of Article 8306, all compensable injuries must be compensated as general injuries unless such statutes specially classify same as the subject of specific compensation. It follows that in the case at bar, Lowery must be compensated as for. a general injury unless we can find some statutory authority to compensate him for a specific injury. If such authority exists, it must be found in that part of Article 8306 which we shall here quote.

"In all such cases where liability for compensation exists, the association shall provide competent surgical treatment by radical operation. In case the injured employee refuses to submit to the operation, the board shall immediately order a medical examination of such employee by a physician or physicians of its own selection at a time and place to be by them named, at which examination the employee and the association, or either of them, shall have the right to have his or their physician present. The physician or physicians so selected shall make to the board a written report, signed and sworn to, setting forth the facts developed at such examination and giving his or their opinion as to the advisability or non-advisability of an operation. If it be shown to the board by such examination and such report thereof and the expert opinions thereon that the employe has any chronic disease or is otherwise in such physical condition as to render it more than ordinarily unsafe to submit to such operation he shall, if unwilling to submit to the operation, be entitled to compensation for incapacity under the general provisions of this law. If the examination and the written report thereof and the expert opinions thereon then on file before the board do not show to the board the existence of disease or other physical condition rendering the operation more than ordinarily unsafe and the board shall unanimously so find and so reduce its findings to writing and file the same in the case and furnish the employe and the association with a copy of its findings, then if the employe with the knowledge of the result of such examination, such report, such opinions and such findings, thereafter refuses to submit within a reasonable time, which time shall be fixed in the findings of the board, to such

operation, he shall be entitled to compensation for incapacity under the general provisions of this law for a period not exceeding one year.

"If the employe submits to the operation and the same is successful, which shall be determined by the board, he shall in addition to the surgical benefits herein provided for be entitled to compensation for twenty-six weeks from the date of the operation. If such operation is not successful and does not result in death, he shall be paid compensation under the general provisions of this law the same as if such operation had not been had; other than in determining the compensation to be paid to the employe, the board may take into consideration any minor benefits that accrued to the employe by reason thereof or any aggravation or increased injury which accrued to him by reason thereof.

"If the hernia results in death within one year after it is sustained, or the operation results in death, such death shall be held a result of the injury causing such hernia and compensated accordingly under this law. This paragraph shall not apply where the employe has wilfully refused to submit to an operation which has been found by the examination herein provided for not to be more than ordinarily unsafe."

A reading of the above-quoted statute will disclose that, generally speaking, it provides:

(1) In all hernia cases where liability for compensation exists, the insurance carrier shall provide surgical treatment by radical operation.

(2) If the injured employee refuses the operation, the Board must order a medical examination. The manner in which this examination shall be conducted is set out in the statute. If it is shown that an operation should not be performed, the injured employee is entitled to be compensated as for a general injury. If it is shown that the operation should be performed, and the Board shall unanimously so find, etc., then if the injured employee refuses to submit to such operation, he shall be entitled to compensation under the general provisions of our Compensation Laws for a period not exceeding one year.

(3) If the injured employee submits to a hernia operation, and same is successful, he is entitled to compensation for twenty-six weeks. Compensation for twenty-six weeks is absolutely fixed regardless of the time of actual disability. Also this is in addition to surgical benefits.

(4) If the operation is had, and is not successful, and does not result in death, the injured employee must be compensated as for a general injury just as though no operation had been had, except in determining compensation for operated hernia cases, benefits or aggravation growing out of such operation should be considered.

(5) Provision is made where the hernia results in death within one year after it is sustained, or the operation results in death.

As demonstrated by our analysis of the above-quoted statute, none of its provisions can be applied in this case. The district court could not act as an administrative board, and therefore could not order or supervise a hernia operation. Tally v. Texas Employers' Insurance Assn., 129 Tex. 135, 102 S. W. (2d) 180. The insurance carrier never tendered Lowery an operation, and the Board never ordered one. Lowery was never called upon to either accept or reject an operation. It follows that none of the above-quoted provisions of Article 8306 can be applied in this case, and this being true, Lowery, if compensated at all, must be compensated as for a general injury. Tally v. Texas Employers' Insurance Assn., supra.

In the Tally case, supra, this Court held: "If the injured employee in a hernia case is willing to submit to a hernia operation after the same has been ordered by the Board, and the insurance carrier liable therefor refuses to furnish it, such employee is entitled to compensation under the general provisions of our Compensation Law." From the holding just quoted it is shown that the Tally case deals with an instance where the injured employee was willing to submit to an operation, and the Board so ordered, but the insurance carrier refused to furnish same. The case at bar differs from the Tally case only to the extent that in that case the Board ordered the operation, while in the case at bar the Board erroneously adjudged that the injured employee was entitled to no relief. In both cases the insurance carrier wrongfully refused to furnish an operation. We held the insurance carrier liable as for a general injury in the Tally case. We think that the general underlying principle which governed the Tally case leads to the same conclusion here.

The Casualty Company earnestly insists that the above holding leads to great injustice to compensation insurance carriers because it compels them to admit liability in all hernia cases, or run the risk of being held liable for general injuries if the

case goes to court. We freely admit that our construction of the statute leads to just such conclusion. In spite of this, no injustice is done. The statute defines the rights and liabilities of all parties to the insurance contract. The statute is therefore an integral part of such contract, and the insurance carrier is done no injustice if its rights are determined thereunder.

The trial court submitted to the jury an issue which, in effect, called for a finding as to whether Lowery had been willing to submit to a surgical operation. The jury answered in the affirmative. The Casualty Company excepted to such issue on various grounds. To our minds, under the facts of this record, the above issue was utterly superfluous. Lowery was never called upon to either accept or reject a surgical operation. In spite of this, we are unable to see how the submission of this issue could have injured the Casualty Company.

The trial court also submitted an issue to the jury calling for a finding as to whether the Casualty Company had refused to provide a surgical operation for the plaintiff, and the jury answered in the affirmative. We are unable to see how this issue could have injured the Casualty Company. The evidence is conclusively that the Casualty Company denied liability. It is therefore conclusive that it refused a surgical operation.

The judgments of the district court and the Court of Civil Appeals are both affirmed.

Opinion delivered February 12, 1941.

Rehearing overruled March 26, 1941.