## HARTFORD ACCIDENT & INDEMNITY CO. v. BLACK et al.
### No. 13669.

United States Court of Appeals
Fifth Circuit.

Dec. 28, 1951.

On Rehearing Feb. 7, 1952.

Further Rehearing Denied March 18, 1952.

See 194 F.2d 1005.

Robert E. Keeton, Houston, Tex., for appellant.

J. Edwin Smith, Houston, Tex., for appellees.

Before HUTCHESON, Chief Judge, and HOLMES and STRUM, Circuit Judges.

HOLMES, Circuit Judge.

A jurisdictional prerequisite to the recovery of compensation, under the Texas Workmen's Compensation Law, Vernon's Ann.Civ.St. art. 8306 et seq. is the filing of a claim for compensation with the Industrial Accident Board within six months after the injury, unless good cause for failing to file the claim within six months is shown. Appellee Onie Bell Black filed her claim for compensation with the Industrial Accident Board on April 9, 1949. She testified, on the trial below, that the injury occurred on October 19, 1948.

Doctor Flowers, to whom appellee had first gone for medical examination on October 19, 1948, testified that appellee had reported the accidental injury as having occurred on October 2, 1948, which date, he said, was placed on the medical history records in his office. Appellee denied having so reported to him the date of the injury, and, in rebuttal of the doctor's testimony, offered copies of the notice of injury and claim for compensation, both documents having been prepared by Doctor Flowers' secretary from information admittedly furnished by Mrs. Black. These two documents gave the date of the injury as being October 19, 1949. They had been introduced earlier in the trial, and were then limited to the purpose of showing the fact that they had been filed. After Doctor Flowers' testimony, appellee offered the documents to show the date on which she claimed her injury occurred. Appellant objected on the ground that the documents were being offered as self-serving statements and were subject to the hearsay rule. The court said: "Well, I will let them in as bearing on the question of the date of the injury." The attorney for appellee then said that he offered these as showing the date of October 19th on each of them, and offered plaintiff's exhibits Nos. 1 and 2, theretofore admitted in evidence. The record shows that the court thereupon admitted plaintiff's exhibits Nos. 1 and 2 for the purpose of showing the date on which it was claimed the injury occurred, as shown in said exhibits, and that said instruments had previously been limited to jurisdictional purposes by the court at the time of their original admission. Thereupon a conference took place between the court and counsel at the bench, out of the hearing of the reporter and the jury; and no further ruling was made by the court enlarging the scope or purpose of this evidence.

The court's ruling as to the evidence "bearing on the date of the injury" is not perfectly clear to us; but we cannot say that it was erroneous, since it did have a bearing upon the jurisdictional issue pre-

sented by the pleadings. In objecting to counsel's argument on the merits, appellant's lawyer correctly stated that the court admitted the evidence for the limited purpose of showing that the claim was made; and this objection should have been sustained, but the court overruled it.

All of the foregoing has to do with the jurisdictional issue. On the merits, there is no question deemed by us sufficiently serious to require discussion by us. All such were questions of fact, and have been decided by the jury. Even the jurisdictional issue presented a question of fact, which was submitted to the jury by the court under proper instructions. No witness testified from personal knowledge as to the date of the injury except appellee. Doctor Flowers' testimony was relevant and material only so far as it related to or had a bearing on the impeachment of Mrs. Black, the appellee, even though it was first introduced in the deposition of a witness who was offered by the plaintiff. The documentary evidence as to notice of the injury and the claim for compensation tended to refute the testimony of Doctor Flowers, which tended to impeach Mrs. Black, as Doctor Flowers had no personal knowledge of the date of the injury. The credibility of Mrs. Black as to the date of the injury was peculiarly a question for the jury. The limitation of the purpose for the admission of plaintiff's exhibits Nos. 1 and 2 was expressly made, not only by the court, but by plaintiff's attorney in offering it; and this limitation was not removed expressly or impliedly by the court in overruling appellant's objection to counsel's argument. No motion for a mistrial on account of improper argument was timely made by appellant; but if it had been made, and conceding that the court erred in ruling on the propriety of counsel's argument, the point involved is a highly technical one, and the error not a sufficient reason to warrant reversal. The appellee being the only witness who had any personal knowledge of the date of the injury, the jury were fully warranted in believing her.

Affirmed.

On Petition for Rehearing

HOLMES, Circuit Judge.

The Bard of Avon says that the gentle blame which we lay upon ourselves has no deep root. It is natural, therefore, that the petition for rehearing should emphasize the shortcomings of our opinion, and lightly pass over the affirmative error of counsel in having inadvertently agreed upon an imperfect record for the use of the court. Contemporaneously with its request for a rehearing, the appellant filed a petition for the correction of the record, which was prepared in this case under stipulation of counsel. This petition alleges that a statement in our opinion taken from the record, concerning plaintiff's exhibits 1 and 2, does not represent what actually occurred on the trial, but was placed in the record by the official court reporter for his own purposes; and appellant prays that the record be corrected by ordering the deletion of said notation. Attached to the petition is an affidavit from the court reporter, in which he says that the parenthetical notation, at the bottom of page 275 of the transcript, represents his own impression of what occurred during the trial, but does not represent the ruling of the court on the evidence. We have complete confidence in the verity of the reporter's affidavit; consequently, the petition of appellant to correct the record by deleting therefrom the parenthetical notation above mentioned is granted; and the clerk is directed to delete the same from the transcript of the record. This necessitates the withdrawal of most of our opinion, which was more or less affected by the deleted portion; accordingly, all of it except the first paragraph is hereby withdrawn; and we turn to a consideration of the petition for rehearing upon the record as corrected.

As to the refusal by the trial court of a specially requested instruction for the defendant covering the probable effect of an operation upon plaintiff's disability, it seems clear upon the authorities cited in appellee's brief that defendant was not entitled to have this instruction. The hernia statute of Texas requires certain proceedings

974

if the defendant seeks to require plaintiff to have an operation; the general statute is the same in effect. It is not claimed that the appellant was entitled to require the plaintiff to submit to an operation; the claim is that the evidence shows that the plaintiff intended to have the operation, and that the defendant was entitled to have the jury instructed that if she did, and the operation was a success, the jury should find that she was not permanently disabled. Possibly the feasibility of an operation properly might have gone to the jury in its general consideration of the case; but we think the requested charge would have created confusion, in view of the statutory scheme for operations in Texas. The appellant admits that there are no Texas cases on the subject.

■ With reference to the probable effect of a surgical operation upon the plaintiff, the rule in Texas is well settled that, after a compensation case has reached the courts, the insurer is not permitted to interpose such defense if it did not tender the operation before the Industrial Accident Board. Article 8306, Section 12b and e of Revised Civil Statutes of Texas; 45 Tex. Jur. 620, Sec. 183; 45 Tex.Jur. 677, Sec. 222; Employers' Liability Ass'n v. Williams, Tex.Civ.App., 293 S.W. 210; Texas Employers' Ins. Ass'n v. Neatherlin, Tex. Com.App., 48 S.W.2d 967; Tally v. Texas Employers' Ins. Ass'n, 129 Tex. 134, 102 S. W.2d 180; Texas Employers' Ins. Ass'n v. Tally, 132 Tex. 547, 125 S.W.2d 544; National Mutual, etc., v. Lowery, Tex.Civ. App., 135 S.W.2d 1044,Id., 136 Tex. 188, 148 S.W.2d 1089.

■■ The contention is made that the plaintiff worked more time in the kitchen than as a waitress, but the appellant fails to show any undue harm resulting to it by permitting the jury to average the daily wages. The evidence of plaintiff and other witnesses shows that the duties of a waitress in Buford's cafe included carrying heavy dishes. The plaintiff's duties included cooking, waiting on tables, and carrying heavy dishes. The answer to special issue No. 11 establishes the fact that employees of the same class as Mrs. Black worked substantially the whole year, immediately preceding her injury, in the same or similar employment, in the same or a neighboring place; and the answer to special issue No. 12 fixes the average daily wages of such employees at $6.07. The law does not require the labor of other employees to be identical; it is sufficient if the labor engaged in by them was of the same class. Traders & General Ins. Co. v. Jenkins, Tex. Civ.App., 144 S.W.2d 350; Associated Indemnity Corp. v. McGrew, 138 Tex. 583, 160 S.W.2d 912; Traders & General Ins. Co. v. Yarborough, Tex.Civ.App., 181 S. W.2d 305.

■ Dr. Flowers testified that Mrs. Black told him that the date of the accident was October 2nd, 1948. This testimony was relevant and material in a double aspect: first, in impeachment of Mrs. Black; second, as an admission against interest of Mrs. Black. In the second aspect, such admission was original evidence against the interest of the declarant; but the documentary evidence as to notice of the injury and the claim for compensation was not admissible "as bearing on the date of the injury" if by this the court meant to rule that it was admissible as tending to prove the date of the injury, which is evidently what the court intended, as indicated by its ruling on appellant's objection to the argument in behalf of appellee. The objection was that the court admitted this evidence for the limited purpose of showing that the claim was made. This objection should have been sustained, but the court overruled it, and permitted the appellee's attorney to continue his argument, which repeated and emphasized the erroneous ruling. For this reason, we think, the judgment appealed from should be reversed, and the cause remanded for a retrial of the single issue as to the date of the accident, without disturbing any other finding made by the jury. All other specifications of error are held to be not well taken.

The petition for rehearing is granted in part and denied in part; the judgment of affirmance heretofore entered is set aside; the judgment appealed from is reversed; the finding of the jury is set aside only as

to special issue No. 2; all other findings of the jury are sustained; and the cause is re-manded for a new trial solely upon special issue No. 2, and for further proceedings not inconsistent with this opinion.