**TRUCK INSURANCE EXCHANGE,**
Appellant,

v.

**Charles SEELBACH, Appellee.**

No. 7157.

Court of Civil Appeals of Texas.

Texarkana.

Sept. 29, 1959.

Rehearing Denied Oct. 27, 1959.

Touchstone, Bernays & Johnston, Dallas, for appellant.

Howard S. Smith, Sulphur Springs, Woodrow H. Edwards, Mt. Vernon, for appellee.

CHADICK, Chief Justice.

This is a suit under the Workmen's Compensation Act. Judgment of the trial court is affirmed.

Appellant Truck Insurance Exchange, as compensation insurance carrier, was sued by appellee Charles Seelbach, an employee of Wanda Petroleum Company, to recover compensation for a back injury alleged to have been received in the course of employment. A jury trial resulted in a verdict upon which the trial court adjudged a recovery of benefits for total and permanent disability.

Counsel for Seelbach early in the trial presented and obtained a favorable ruling upon this motion:

"Comes now Charles Seelbach, plaintiff, and after the parties announced ready for trial herein and before commencement of the selection of the jury, moves the court to restrict the proof to be offered in the case, so that no fact will be introduced bearing upon the probable or possible treatment of the injury of the plaintiff which would show or tend to show what effect if any an operation or operative treatment would have on this plaintiff for the following reason:

"No request for operative treatment or surgery of the plaintiff was made while this case was pending before the Industrial Accident Board of the State of Texas and no such request has been made up to the date of the filing of this motion. Furthermore, defendant knew, or should have known, while this case was pending before said Board that this plaintiff had sustained a rupture of one of the intervertebral disc because the defendant was advised by its doctor, B. E. McConnell, of Greenville, Texas who was its orthopedic specialist, that when he examined this plaintiff on the 27th day of April, 1958, he was of the impression that there was a possibility of a rupture of one of the disc in this plaintiff, yet it failed to demand or request an operation or operative treatment even though it had this information from its own doctor."

Appellant contends that the facts stated in the motion are a gross misrepresentation, that not one of the four medical witnesses who testified recommended surgery for Seelbach. However, Seelbach's brief cites a medical report in the record by another physician to the insurance carrier as supporting the truth of the statement in the motion. The accuracy of the statement is immaterial for reasons hereafter discussed. It is important to note that the insurer was not permitted to introduce evidence of the probable effect of a future operation in the treatment of the injury. It is shown that no request

was made to the Industrial Accident Board to order an operation and no order was made. Neither is there evidence in the record that an operation had been recommended by any physician consulted.

The Truck Insurance Exchange has briefed four points of error and undertakes to demonstrate the fallacy of the rule of evidence that in the trial of a case appealed from the Industrial Accident Board, evidence offered by the insurance carrier of the probable effect of a surgical operation upon an injury of the class subject to Art. 8306, Sec. 12e, Vernon's Ann. Texas Civ.St., is not admissible in the absence of an application for an operation upon the injured employee in conformance with the statutory procedure while the claim is pending before the Board. It is insisted that the application of the evidence rule in Texas Employers Ins. Ass'n v. Kubiak, Tex.Civ.App.1955, 276 S.W.2d 909, wr. ref., n. r. e., and American General Ins. Co. v. Quinn, Tex.Civ.App.1955, 277 S.W.2d 223, wr. ref., n. r. e., is unwarranted in precedent and in any event such cases have no precedential value in this action as the facts here distinguish and bring it within the scope of the limitation of the rule announced in National Surety Corp. v. Bellah, 5 Cir., 1957, 245 F.2d 936, 941. There Judge Brown says:

"Erie compels us to accept the holding of Kubiak and Quinn. * * * But it does not compel, we see no need for, and see much harm in, carrying them one step beyond what, with deference, we consider already an outer and doubtful limit. * * *

" * * * Where the need for an operation of a specific kind is not patent while the matter is before the Board, the whole policy of the Act and the right of the parties to contest one or more issues while admitting the others, * * * would be impeded by retrospectively considering what ought to have been, but was not, known or done before the Board."

Respect for the views of that court, the able jurist writing the opinion and the resolution with which appellant attacks the rule moves this court to examine the basis, or what appears to be the basis of the evidence rule. The cases coming to the attention of the court do not spell out the underlying reasons for the rule but it is thought the reasons are implicit in the several opinions applying the rule.

■ Sec. 12b and Sec. 12e of Art. 8306 are parts of the Workmen's Compensation Law enacted in 1917. Acts 1917, 35th Leg., Ch. 103, p. 269. The two sections are related in the sense that they deal with surgical intervention in the treatment and cure of injuries, Sec. 12b dealing exclusively with hernia and Sec. 12e dealing with injuries in which an operation will effect a cure or will materially and beneficially improve the condition of the injured employee. Sec. 12e adopts procedures set out in Sec. 12b relative to the Board's duty on application for an operation and provides that the Board determine the advisability, results, benefits and liabilities of an operation for injuries under Sec. 12e in the same manner as such questions are decided in hernia cases (Sec. 12b). Sound logic requires that cases interpreting Sec. 12b should control in the interpretation of similar provisions of Sec. 12e because of the close relationship in subject-matter, purpose and administration of the two sections. The cases hereinafter cited in the development of the rule of evidence expressly or impliedly give the cases such effect.

■ It is so well settled as to be considered elementary that the rights and liabilities of the parties to this suit are not based in the common law but upon the Workmen's Compensation Law exclusively. Oilmen's Reciprocal Ass'n v. Franklin, 116 Tex. 59, 286 S.W. 195; Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1084; Employers' Indemnity Corp. v. Woods, Tex.Com.App., 243 S.W. 1085;

Middleton v. Texas Power & Light Co., 108 Tex. 96, 185 S.W. 556; Buchanan v. Maryland Casualty Co., 116 Tex. 201, 288 S.W. 116; Rogers v. Traders & General Ins. Co., Tex.Com.App., 135 Tex. 149, 139 S.W.2d 784, 128 A.L.R. 1305. It is also settled that under the Workmen's Compensation Law the courts do not function as administrative boards and cannot order or supervise a hernia operation after a case is appealed from the Board to the court. Tally v. Texas Employers' Ins. Ass'n, 129 Tex. 134, 102 S.W.2d 180; National Mut. Cas. Co. v. Lowery, 136 Tex. 188, 148 S.W.2d 1089. And by extension, because of the relationship of Sec. 12b and 12e, the courts cannot order or supervise an operation for an injury under Sec. 12e.

The case presented here comes within the terms of Sec. 12e. That section provides a procedure and directs the manner in which a request for an operation shall be made; it empowers the Board to order a medical examination of the employee and after consideration of the medical examination to order or refuse the operation. The Board is empowered to exercise a discretion in determining whether to order the operation and in the exercise of that discretion to determine the probable effect of an operation upon the injury. To emphasize, it is obvious that in considering the advisability of an operation the Board must consider its probable effect upon the injury. This procedure and determination is a part of the administrative processing of the claim while it is pending before the Board. In this case no application has been made to the Board and its power to consider and determine the advisability of an operation, including its probable effect, has not been invoked; the case has been appealed to a court which is not competent to administer the provisions of Sec. 12e.

■ When the Workmen's Compensation statute affirmatively directs that a certain thing be done or procedure followed, such as in this instance the determination of the advisability of an operation and its probable effect, such determination shall not, even though there is no positive negative instruction to the contrary, be done in any other manner. Oilmen's Reciprocal Ass'n v. Franklin, supra, (Syl. 4); American Surety Co. of New York v. Mays, 157 S.W.2d 444 (Waco C.C.A.1941, n. w. h., Syl. 1). The courts have so interpreted the statute in the development of the rule of evidence excluding testimony of probable effect of an operation when the power of the Board in this respect has not been invoked while the claim was pending before it. See Texas Employers Ins. Ass'n v. Kubiak, Tex.Civ.App., Texarkana 1955, 276 S.W.2d 909, wr. ref., n. r. e.; American General Ins Co. v. Quinn, Tex.Civ.App., Texarkana 1955, 277 S.W.2d 223 (wr. ref., n. r. e.); General Accident Fire & Life Assurance Corp. v. Coffman, Tex.Civ.App., Waco 1959, 326 S.W.2d 287 (application upon other grounds for writ pending); Robertson v. National Surety Corp., 5 Cir., 1953, 208 F.2d 642 and (hernia case) Texas Indemnity Ins. Co. v. Stevens, Tex.Civ. App., Galveston 1939, 135 S.W.2d 272.

■ This evidence rule arises as a corollary to the established proposition that on appeal to the courts from an award of the Board, the insurance carrier cannot interpose as a defense to liability for incapacity under the general provisions of the Compensation Act the need for, offer, refusal or probable effect of a surgical operation upon an injury within the scope of Art. 8306, Sec. 12e, in the absence of an application for the operation made to the Board while the claim is still subject to the Board's jurisdiction. This proposition is regarded as firmly established on the basis of such cases as Texas Employers Ins. Ass'n v. Phelan, Tex.Civ.App., Amarillo 1937, 103 S.W.2d 863 (n. w. h.); Employers' Liability Assur. Corp. v. Williams, Tex.Civ.App., Galveston 1927, 293 S.W. 210 (wr. dis.); Hartford Accident & Indemnity Co. v. Black, 5 Cir., 193 F.2d

971; and the additional Sec. 12b (hernia) cases, Federal Underwriters Exchange v. Thompson, Tex.Civ.App., Beaumont 1940, 137 S.W.2d 106, affirmed 136 Tex. 194, 148 S.W.2d 1092; National Mut. Casualty Co. v. Lowery, 1945, 136 Tex. 188, 148 S.W.2d 1089; Texas Employers Ins. Ass'n v. Tally, 1939, 132 Tex. 547, 125 S.W.2d 544.

■ The evidence excluded by the trial court was not relevant to any issue which the insurance carrier might properly raise, and its exclusion was proper. The opinion in the Coffman case, supra, discloses that the Supreme Court was provided an opportunity in the Kubiak and Quinn cases to disapprove the evidence rule under discussion here and declined to do so. In view of all that has been said, this court must decline to follow the Bellah case, supra, and respectfully overrules each of the four points briefed by appellant.

The judgment of the trial court is affirmed.