**Joe DeHOYOS, Appellant,**

v.

**TEXAS CASUALTY INSURANCE COMPANY, Appellee.**

No. 14457.

Court of Civil Appeals of Texas.

San Antonio.

March 23, 1966.

Rehearing Denied April 6, 1966.

Lieck & Lieck, San Antonio, for appellant.

Groce, Hebdon, Fahey & Smith, Charles L. Smith, San Antonio, for appellee.

BARROW, Justice.

This is a workmen's compensation action. Appellant, Joe DeHoyos, appeals from a judgment rendered after a non-jury trial whereby he recovered from appellee, Texas Casualty Insurance Company, compensation for a right and a left inguinal hernia which were found to have been successfully repaired. Appellee was ordered to pay compensation at the rate of $28.80 per week for twenty-six weeks for each of said hernias, together with the medical expenses of the operations.

Appellant urges that the trial court erred in limiting his recovery to twenty-six weeks

for each hernia, in that appellee, hereinafter sometimes referred to as carrier, did not admit liability for the left hernia and therefore appellant was entitled to be compensated as for a general injury. Appellant asserts that the undisputed evidence showed that he was incapacitated from the left hernia for forty-five weeks.

■ In National Mutual Casualty Co. v. Lowery, 136 Tex. 188, 148 S.W.2d 1089, the Supreme Court held that unless the insurer admitted liability and tendered an operation while the claim was pending before the Board, the claimant must be compensated as for a general injury and the provisions of Art. 8306, § 12b, Vernon's Ann.Civ.St., could not be applied in the trial of the case on appeal. This holding is predicated on the ground that the district court could not act as an administrative board and was not empowered to order or supervise a hernia operation. Truck Insurance Exchange v. Seelbach, 161 Tex. 250, 339 S.W.2d 521 (1960). See also Texas Employers' Insurance Ass'n. v. Shelton, 161 Tex. 259, 339 S.W.2d 519 (Tex.1960).

This rule does not require a reversal under the facts of this case. On October 11, 1963, while in the scope of his employment, appellant sustained an accidental injury while lifting a heavy tailgate. He went to the San Antonio Osteopathic Hospital, and on October 14 the right inguinal hernia was surgically repaired. The treating doctor was of the opinion that a left inguinal hernia had not developed, although that area was damaged. On February 5, 1964, appellant was seen again by this doctor, and at that time a left inguinal hernia had developed. The Board thereafter entered an order directing an operation for the left hernia. Carrier filed a form requesting appellant to report to the doctor, and on March 25, 1964, the left inguinal hernia was surgically repaired. Although carrier stated that the principal issue before the Board was "duration of disability," the final award of the Board, entered on June 24, 1964, denied compensation for the hernia on the left side because it did not appear suddenly and immediately.

This suit, appealing from the award, was brought by appellant as a claim seeking compensation for a general injury. Appellant urged that he was entitled to compensation on this basis because neither hernia was successfully repaired and further he had sustained other injuries to his lower abdomen.

The primary issue in dispute in the trial court was whether the left hernia was successfully repaired and, specifically, whether it had recurred. Dr. Gossett, who examined appellant on April 13, 1965, on behalf of appellee, testified that both hernia repairs were successful and that the external rings were fairly small to normal size. He found no objective symptoms of pain in appellant other than an infected prostate. In view of the testimony by a doctor called by appellant, that the left inguinal hernia had recurred, Dr. Gossett, at the suggestion of the trial court and appellant's agreement, examined appellant in chambers. Following this examination the doctor testified that the hernia had not recurred and was still successfully repaired. Dr. Gossett's testimony was believed by the trial court and it found that the hernias, which had occurred suddenly and immediately, were successfully repaired. No attack is made by appellant on the finding that the left hernia operation was a success.

After the conclusion of the trial on the merits on June 7, 1965, and after the court had announced its findings and judgment, appellant filed a motion seeking leave to reopen the case and to introduce in evidence the certified record of the Board's proceedings so as to show that the Board had denied compensation for the left inguinal hernia. This motion was granted on June 18, 1965.

■ Appellant urges that in view of this fact the trial court erred in limiting his compensation to the left hernia to twenty-six weeks. This contention is without merit. Although this suit was brought in the nature of a general claim, there are no fact findings to support a recovery in excess of the twenty-six weeks incapacity awarded him

**382**

in the judgment. The trial court stated at the conclusion of the hearing that appellant had not shown how long he was disabled following the repair of the left inguinal hernia. Appellant did not actually return to work until August, 1964; however, under the finding of the trial court, the hernia was successfully repaired on March 24. We cannot say, as a matter of law, from this record that the trial court erred in limiting appellant's compensation to twenty-six weeks for the left inguinal hernia in addition to his medical expenses.

The judgment is affirmed.