Olen L. CLEM, Appellant,

v.

DALLAS INDEPENDENT SCHOOL DISTRICT, Appellee.

No. 20080.

Court of Civil Appeals of Texas, Dallas.

Dec. 7, 1979.

Rehearing Denied Feb. 6, 1980.

Robert Bean, Dallas, for appellant.

Robert M. Greenberg, Dallas, for appellee.

Before GUITTARD, C. J., and CARVER and HUMPHREYS, JJ.

HUMPHREYS, Justice.

Olen L. Clem, appellant, was denied compensation for temporary total disability for a hernia injury he received during the course and scope of his employment. Dallas Independent School District (DISD), appellee Clem's employer and a self-insurer, paid him compensation for twenty-six weeks and paid for successful surgery according to the terms of the Workers' Compensation Act, Tex.Rev.Civ.Stat.Ann. art. 8306 § 12b (Vernon 1967), but did not pay him for his temporary total disability for the fifty-seven weeks preceding his successful surgery. We affirm because we hold that the statute specifically limits compensation to twenty-six weeks when the employee has successfully undergone surgery.

The case was tried to the court on the following stipulated facts.

Olen Clem sustained an accidental injury in the course and scope of his employment . . . on January 29, 1976, said injury being a hernia. Fifty-seven weeks later . . . On March 4, 1977, Olen L. Clem underwent surgery to correct the hernia injury which had occurred on January 29, 1976. The Dallas Independent School District . . . paid to Olen L. Clem twenty-six weeks of compensation at $77.00 per week, being the hernia benefits authorized under the Texas Workmen's Compensation Act . . . [t]hat during the period of time from the injury until the operation. Mr. Clem was suffering total temporary disability . . [a]s a result of the hernia injury . . [t]hat no other injury is claimed by Olen L. Clem except the hernia injury received on January 29, 1979 . . . [t]hat during the period of time from injury to the date of the operation, Olen L. Clem was totally disabled as those terms are defined under the Texas Workmen's Compensation Act.

The question for our consideration is whether an employee who sustains a hernia injury in the course and scope of employ-ment, and successfully undergoes surgery furnished by the carrier, may collect compensation for total disability for the period of time prior to surgery.

The relevant portions of article 8306 § 12b, entitled, "Hernia," are:

In all such cases where liability for compensation exists, the association shall provide competent surgical treatment by radical operation . . .

. . . . .

If the employee submits to the operation and the same is successful, which shall be determined by the board, he shall in addition to the surgical benefits herein provided for be entitled to compensation for twenty-six weeks from the date of the operation.

Other portions of the statute provide for compensation in cases in which the employee refuses to submit to the operation.

If the board finds that the operation is unsafe, the employee is compensated "for incapacity under the general provisions of this law." If it is not unsafe, the board shall furnish the association and the employee with a copy of its findings, and if the employee still refuses the operation within a reasonable time, he shall be entitled to compensation "for incapacity under the general provisions of this law for a period not exceeding one year."

Although appellant admits that he does not come within any of the portions of section 12b which allow compensation under the general provisions of the Workers' Compensation Act, he argues that he should be entitled to recovery for a general injury until the date of surgery, a period of fifty-seven weeks. It is his contention that section 12b places a limit on compensation for a hernia only "from the date of the operation." He urges that his interpretation is supported by the fact that, whereas Tex. Rev.Civ.Stat.Ann. art. 8306 § 12 (Vernon Supp. 1978–1979) provides for compensation for specific injuries "in lieu of all other compensation," section 12b contains no such limitation. An insurer, in his view, is fully protected because it can avoid liability for

compensation under the general provisions by obtaining a board order for the employee to submit to surgery. Finally, he contends that to interpret the section as allowing an employee who refuses surgery fifty-two weeks of compensation, while limiting an employee who submits to surgery to only twenty-six weeks of compensation, is "a novel rule indeed."

No case addresses this exact contention. Several cases, however, have referred to the fact that section 12b limits compensation to payment for surgery plus twenty-six weeks of pay in cases in which the employee submits to successful surgery, regardless of the actual period of incapacity. *See National Mutual Casualty Co. v. Lowery,* 136 Tex. 188, 148 S.W.2d 1089, 1091 (1940); *Texas Employers' Insurance Association v. Henson,* 31 S.W.2d 669, 671 (Tex.Civ.App.— Eastland), *rev'd on other grounds,* 48 S.W.2d 970 (Tex.Comm'n App.1932, holding approved). The court in *Lowery* stated:

> (3) If the injured employee submits to a hernia operation, and same is successful, he is entitled to compensation for twenty-six weeks. Compensation for twenty-six weeks is absolutely fixed regardless of the time of actual disability. Also this is in addition to surgical benefits. 148 S.W.2d at 1091.

The view that recovery for hernia injuries is absolutely fixed by section 12b is also apparent in *Royal Indemnity Co. v. Dennis,* 410 S.W.2d 185 (Tex.1966). In holding that a claimant who had undergone unsuccessful surgery would be allowed recovery for only six weeks of total temporary disability found by the jury, rather than twenty-six weeks, Judge Walker stated at page 186:

> Subject to certain limitations not material here, Section 12b of Article 8306 by its terms requires that a compensable hernia be regarded as a general injury in three situations: (1) where the claimant refuses an operation and it appears to the Board that surgery would be more than ordinarily unsafe; (2) where the claimant refuses to submit to surgery after the Board unanimously concludes that there has been no showing that his condition ren-

ders an operation more than ordinarily unsafe; and (3) where the claimant submits to an operation which is not successful and does not result in death. The provisions of the statute with which we are now concerned read as follows: . . 'If such operation is not successful and does not result in death, he shall be paid compensation under the general provisions of this law the same as if such operation had not been had; ⅄ . . .'

■ Compensation for general injury has been refused in cases where the employee pled and proved only a hernia injury. The courts reason that if a hernia is pled and proven, compensation can only be recovered by showing compliance with section 12b. *White v. Travelers Insurance Co.,* 346 S.W.2d 170, 177 (Tex.Civ.App.—Houston 1961, writ ref'd n.r.e.); *Jasper v. Liberty Mutual Insurance Co.,* 119 S.W.2d 386, 387 (Tex.Civ.App.—El Paso 1938, writ ref'd). Here, Clem pled and proved a hernia, complied with section 12b, and is limited to the recovery allowed under section 12b.

Several cases have allowed compensation for general injury in hernia cases in which the insurer denied liability. *National Mutual Casualty Co. v. Lowery, supra; Great American Indemnity Co. v. Gravell,* 297 S.W.2d 371, 372 (Tex.Civ.App.—San Antonio 1956, no writ). In this case, however, DISD has admitted liability, paid for surgery, and paid for twenty-six weeks of compensation. DISD has fulfilled its duty to provide surgery.

We believe one of the primary purposes of section 12b is to provide surgery for the employees as quickly as possible. Hernias generally require immediate surgery when it can be performed safely, and we find no authority for providing for compensation as a general injury prior to surgery in those cases in which the insurer is willing to pay and surgery can be performed safely and successfully. We note that employees will be compensated for twenty-six weeks under the statute if they undergo successful surgery even if actual disability is for a shorter period of time. Additionally, in answer to appellant's argument that an employee who

submits to surgery will receive less compensation than one who refuses surgery, an employee who submits to surgery also receives the operation at the insurer's expense.

■ Finally, appellant's argument that an insurer can avoid liability for general compensation by obtaining a board order for surgery does not change our interpretation. An insurer willing to provide surgery is not to be forced to take such action to avoid further liability. If the employee delays surgery by his own actions, he is not to be compensated for this time. Here, we do not know why the employee's surgery was delayed. We only know the insurer paid him under section 12b. Therefore, at least on this record, we must affirm the denial of compensation for a general injury until the date of surgery.

Affirmed.

GUITTARD, Chief Justice, dissenting.

I cannot agree that an employee who is totally disabled by a correctable hernia is entitled to no compensation under the Workers' Compensation Act until after surgery is performed. In my view, the case falls within the general provisions of section 10 of article 8306, Tex.Rev.Civ.Stat. Ann. (Vernon Supp.1979), which provides: "While the incapacity for work resulting from the injury is total, the association shall pay the injured employee a weekly compensation equal to sixty-six and two-thirds per cent (66⅔%) of his average weekly wages . . . ."

I recognize that this general provision is limited by section 12b, which contains special provisions in cases of hernia. Insofar as pertinent here, this section provides:

In all such cases where liability for compensation exists, the association shall provide competent surgical treatment by radical operation. . . .
If the employee submits to the operation and the same is successful, . . . he shall in addition to the surgical benefit herein provided for be entitled to compensation for twenty-six weeks *from the date of the operation.* [Emphasis added.]

This section limits the compensation payable "from the date of the operation." It makes no provision one way or the other for compensation during the period before the operation. No such provision is necessary because of the general provision in section 10. Section 12b does not provide, as does section 12, that the compensation specified therein is "in lieu of all other compensation." To hold that section 12b limits all weekly compensation in case of a successful hernia operation to twenty-six weekly payments would, in effect, strike the words "from the date of the operation" from the statute and insert instead, "from the date of the injury." In my opinion, the statute should not be thus judicially amended.

The majority opinion recognizes that no reported decision in Texas has addressed this exact question. The statements quoted in the majority opinion were made in different contexts. Heaviest reliance is placed on the statement in *National Mut. Casualty Co. v. Lowery,* 136 Tex. 188, 148 S.W.2d 1089, 1091 (1940), that in the event of a successful hernia operation, "[c]ompensation for twenty-six weeks is absolutely fixed regardless of the time of actual disability." This is an accurate interpretation of the statute, but it does not bear on the question of when the twenty-six week period begins. By the plain language of the statute, the period is "twenty-six weeks from the date of the operation."

Neither does *Lowery* speak directly on the question of whether the employee is entitled to compensation for actual incapacity before the operation. It does state principles, however, which support my view that incapacity before the operation is governed by the general provisions of section 10. In *Lowery,* the question was whether an employee who has suffered a hernia should be compensated for a general injury or for a specific injury if the insurance carrier fails to tender an operation. The Supreme Court, affirming the Eastland Court of Civil Appeals, held that the employee was entitled to compensation for a general injury. The court reasoned that

any injury must be compensated as a general injury unless specific compensation is otherwise provided and that no specific compensation was provided in that situation by section 12b. The court emphasized the duty of the carrier to tender an operation and said that whether the employee was willing to submit to it was immaterial. 148 S.W.2d at 1092. As Judge Funderburk observed in his opinion in *Lowery* (which was affirmed by the Supreme Court), a hernia is a general injury and compensable under the general provisions of the Act except to the extent that specific compensation is provided by section 12b, but it is not necessary to repeat those general provisions in section 12b because such provisions continue to control, modified only as to the subject matter of the exceptions. *National Mut. Casualty Co. v. Lowery*, 135 S.W.2d 1044, 1053 (Tex. Civ.App.—Eastland 1939), *aff'd*, 136 Tex. 188, 148 S.W.2d 1089 (1940). According to this reasoning, it is not necessary for section 12b to provide specifically for compensation for incapacity before the operation because such compensation is provided by the general language of section 10. The only specific compensation provided by section 12b in the event of a successful operation is "twenty-six weeks from the date of the operation."

The principal argument in support of the judgment below is that to allow recovery would permit an employee with a correctable hernia to increase the amount of his compensation by delaying the surgery. This argument has little weight in view of the provisions of section 12b that the association "shall provide competent surgical treatment" and that it may obtain a medical examination for that purpose. If the employee refuses an operation that would not be more than ordinarily unsafe, his benefits are limited to compensation for one year. Since the present record shows that surgery was successful, but does not show why it was delayed, the only applicable limitation in section 12b is "compensation for twenty-six weeks *from the date of the operation.*"

For these reasons I would reverse the trial court's judgment and render judgment in the employee's favor for the amount of compensation claimed.