Olen L. CLEM, Petitioner,

v.

DALLAS INDEPENDENT SCHOOL
DISTRICT, Respondent.

No. B–9247.

Supreme Court of Texas.

June 18, 1980.

Bean, Franic, Wills & Dennis, Robert Bean, Ford, Livingston & Needham, William Catterton, Dallas, for petitioner.

Robert M. Greenberg, Dallas, for respondent.

GREENHILL, Chief Justice.

Clem brought this suit for workmen's compensation benefits because of his having suffered a hernia on the job. Article 8306, section 12b provides compensation for 26 weeks "from the date of the operation."[1] The problem is whether Clem is entitled, under the circumstances, to compensation for a period of over a year *before* the successful operation.

The trial court held that Clem was not entitled to compensation during the 57 weeks before the surgery, during which period he was totally disabled. The court of civil appeals, by a divided court, affirmed. 593 S.W.2d 347. We agree with the opinion of the dissenting justice. Our holding is that Clem is entitled to recover from the date of his injury and incapacity to the date of his operation in addition to the 26 weeks of compensation provided after the surgery.

Clem was employed by the Dallas Independent School District [hereinafter called Dallas I.S.D.]. It is self-insured under the Workmen's Compensation Act. On January 29, 1976, Clem suffered an accidental injury in the course and scope of his employment. By definition, a hernia is an injury which manifests itself immediately: it appears suddenly and immediately following the injury and is accompanied by pain. Article 8306, section 12d. Clem's injury was a hernia which caused him to be totally disabled *from the time of the injury until March 4, 1977,* when a successful hernia operation was performed.

Dallas I.S.D. paid Clem 26 weeks of compensation, but refused to pay additional compensation for the 57 weeks between the date of the injury and the date of the operation.

Clem then brought this suit. The case was tried to the court on stipulated facts. They are quite brief, and are, in substance, set out above. As stated, the stipulated facts do not show that Clem was tendered an operation, or that he refused an operation before the one he had, or that he had requested an operation.

---

1. Statutory references are to Vernon's Texas Civil Statutes Annotated. Emphasis throughout is ours.

Although the relevant statutes have existed since the Workmen's Compensation Act of 1917, this is the first case to address this issue.

Sections 10 and 11 of the Workmen's Compensation Act provide compensation for *general* injuries. Section 12 provides compensation for enumerated *specific* injuries which is "in lieu of all other compensation except medical aid, hospital services and medicines as elsewhere herein provided."

Section 12b of the Act provides for claims for hernia. The first paragraph sets out four requirements for any hernia to be compensable. The second paragraph states that the carrier [or self-insured] "shall provide competent surgical treatment." Article 8306, section 12b. The employee is limited to one year of compensation if he refuses the operation unless the Industrial Accident Board finds that it would be more than ordinarily unsafe, or if the operation is unsuccessful, he is entitled to compensation under the *general* provisions of the law. The final paragraph of section 12b begins:

If the employee submits to the operation and the same is successful, which shall be determined by the board, he shall in addition to the surgical benefits herein provided for be entitled to compensation for twenty-six weeks *from the date of the operation.*

By its very terms, the 26 weeks of compensation is limited to disability suffered *after the operation.* Section 12b therefore contains no provision for disability from the date of the injury to the date of the operation. Thus the question is whether such omission indicates that no compensation is allowed or whether it indicates that compensation is allowed for a general injury under the Workmen's Compensation Act.

Section 12, which provides for *specific* injuries, must be compared with section 12b, which provides for hernias. Section 12 states that the compensation therein [for specific injuries] is "in lieu of all other compensation . . . as elsewhere herein provided." That limiting language is absent from section 12b. Thus compensation for disability caused by a compensable hernia may be found in the sections of the Act providing for general injuries if it is neither specifically provided nor specifically limited in section 12b.

This Court has previously noted that an employee who suffers a compensable hernia must be compensated as for a general injury unless some statutory authority to compensate him for a specific injury can be found in section 12b. *National Mutual Casualty Co. v. Lowery*, 136 Tex. 188, 148 S.W.2d 1089 (1940). Since section 12b makes no provision for disability from the time of injury to the time of the operation, an employee must be compensated for that disability as a general injury.

Dallas I.S.D. has cited two cases which state that compensation is limited to 26 weeks regardless of the actual period of incapacity. *National Mutual Casualty Co. v. Lowery*, 136 Tex. 188, 148 S.W.2d 1089 (1940); and the court of civil appeals opinion in *Texas Employers' Insurance Association v. Henson*, 31 S.W.2d 669 (Tex.Civ.App. —Eastland 1930), *reversed on other grounds*, 48 S.W.2d 970 (Tex.Comm'n App. 1932, holding approved), *modified* 52 S.W.2d 247. These cases and others are discussed in the majority opinion of the court of civil appeals. Neither of these cases addressed the question of compensation between the date of injury and the date of the operation.

The facts in *Lowery* were that Lowery suffered a hernia. The carrier denied all liability. The jury found that Lowery was willing to submit to an operation and that the carrier refused to furnish it. The law question then before this Court was whether the hernia was a general injury or was a specific injury. The holding was that it was a general injury, and Lowery was awarded a recovery for total and permanent disability. By dictum, Mr. Justice Critz expressed a number of views on questions not before the court. One of them was that "If the injured employee submits to a hernia operation, and the same is successful, he is entitled to compensation for twenty-six weeks. [That is, 26 weeks of compensation after the injury]. Compensation for twenty-six weeks is absolutely

fixed regardless of the time of actual disability." 136 Tex. at 192, 148 S.W.2d at 1091. If this meant that there was a limitation of 26 weeks of benefits *after* the operation, even though it might take the worker longer than 26 weeks to recover, that is one thing. But if it meant that recovery is limited to 26 weeks no matter what, like a specific injury, it is disapproved. The decision in *Henson* turned on the question whether an employee had to wait 26 weeks *after* an operation before he could appeal to the court claiming that his operation was unsuccessful. There was no question as to whether the employee was entitled to compensation before the operation. Thus, neither case cited controls here.

We, therefore, reverse the judgments of the courts below and render judgment for Clem for 57 weeks of compensation at $77.00 per week which shall be in addition to the 26 weeks of compensation already paid.