The HOME INDEMNITY COMPANY, Appellant,

v.

Ciro H. LOPEZ, Appellee.

No. 08–86–00107–CV.

Court of Appeals of Texas, El Paso.

Dec. 17, 1986.

David R. Pierce, Howell Cobb, III, L. Randall Lee, Scott, Hulse, Marshall, Feuille, Finger & Thurmond, El Paso, for appellant.

Frank Hart, Gus Rallis, El Paso, for appellee.

Before SCHULTE, ARMENDARIZ and FULLER, JJ.

OPINION

SHULTE, Justice.

This is a worker's compensation case appealed from an El Paso County Court at Law. The insurer appeals from a judgment granting twenty-six weeks' compensation for a specific injury (hernia) after the trial court disregarded the jury's finding of six weeks' compensation for general injury. The insurer had refused an operation and the Appellee obtained it himself and it was successful. We reverse and render.

The facts present a situation concerning which Section 12b of Article 8306, Tex.Rev. Civ.Stat.Ann. (Vernon 1967), has no application, and the claimant, if compensated at all, must be compensated for a general injury. *Bituminous Casualty Corporation v. Martin*, 478 S.W.2d 206, 207 (Tex. Civ.App.—El Paso 1972, writ ref'd n.r.e.). The court in the case now before us asked the jury the predicate questions concerning hernia, all of which were answered favorably to the employee. Then the court submitted the general injury questions regarding the beginning date of total incapacity and the "permanent" or "ending date" question. The jury found total incapacity from August 17, 1981, to October 4, 1981, and found no partial incapacity thereafter. The trial court disregarded the jury's general injury findings and gave judgment for twenty-six weeks for specific hernia injury.

We believe the trial court erred in disregarding the jury's answers to the duration questions about general injury and granting judgment under the specific injury provisions. The anomaly presented here derives from Appellant's refusal of surgi-

cal repair for the hernia which transformed the hernia from a specific to a general injury. See: *National Mut. Casualty Co. v. Lowery,* 136 Tex. 188, 148 S.W.2d 1089 (1940); *Tally v. Texas Employers' Ins. Ass'n.,* 129 Tex. 134, 102 S.W.2d 180 (1937).

Once a hernia thus becomes a general injury, the trial court may not award benefits as though it were a specific injury. See: *Lowery,* supra, at 1091; *Bituminous,* supra, at 207; *Great American Indemnity Company v. Gravell,* 297 S.W.2d 371, 373 (Tex.Civ.App.—San Antonio 1956, no writ). See also: *Royal Indemnity Company v. Dennis,* 410 S.W.2d 185 (Tex.1966), which further manifests Appellee's entitlement to six weeks' total incapacity. Although this is a limited appeal, we need look only to the transcript before us to sustain Points of Error Nos. One and Two. The Appellant not only pled a general injury, but stipulated in writing that the case was tried as a general injury case.

In regard to the jurisdictional question, an action to set aside an award of the Industrial Accident Board is a suit and not an appeal. *Booth v. Texas Employers' Ins. Ass'n.,* 132 Tex. 237, 123 S.W.2d 322 (1938). The County Courts at Law of El Paso County are courts of competent jurisdiction in worker's compensation cases regardless of the amount in controversy by virtue of Article 1970–127b, Tex.Rev.Civ. Stat.Ann. (Vernon Pamphlet Supp.1986).

That part of the judgment awarding Appellee twenty-six weeks' compensation is reversed and judgment rendered for six weeks' compensation or $798.00, plus $2,891.25 for medical expenses. Costs are adjudged against Appellant.