## LONG v. SAFETY CASUALTY CO.

### No. 13897.

Court of Civil Appeals of Texas. Fort Worth.

April 14, 1939.

Rehearing Denied May 19, 1939.

Jones & Jones, of Longview, for appellant.

Bramlette, Levy & Dotson, of Longview, for appellee.

BROWN, Justice.

This is a Workmen's Compensation case, growing out of two separate and distinct injuries received by the employee—appellant—while engaged in the performance of his duties as an employee. The injuries were suffered about one week apart, and one injury is alleged to have brought about a hernia on the left side of the employee, and the other is alleged to have brought about a hernia on the right side.

Claim was made before the Industrial Accident Board for compensation.

The employee voluntarily submitted to an operation at the hands of a surgeon, for the purpose of repairing both hernias.

After the Board made its award, the employee, being dissatisfied, appealed therefrom, and alleged that the operation was not successful, and sought compensation for total and permanent disability.

The cause was tried to a jury and the following findings were made to special issues given: (1) That appellant suffered an injury on December 17, 1936, in the course of his employment, that it resulted in a hernia, which appeared suddenly, accompanied by pain, and that the hernia did not theretofore exist; (2) similar findings were made with respect to an injury

received on December 23, 1936, resulting in a hernia; (3) that the operation "was not unsuccessful"; (4) that appellant "was rendered partially incapacitated to labor as a result of the injuries sustained"; (5) that the percent of partial incapacity was 33⅓ percent; (6) that the partial incapacity suffered is not permanent; (7) that such partial incapacity will continue for a period of 75 weeks; (8) that the difference between appellant's average weekly wage before his injuries and that now being earned by him is $21. The other findings are not material to this opinion.

Appellant moved for judgment on the verdict and his motion was denied. Appellee, the insurance carrier, moved for judgment on the verdict, and the trial court rendered judgment that plaintiff (appellant) recover nothing from the defendant except the sum of $15.55, same being the weekly compensation due appellant for one week, which had been tendered appellant prior to the suit having been brought. (It appeared that compensation for 25 weeks had been paid to appellant before the suit was filed.)

The trial court taxed all costs against the plaintiff, on the above-stated facts.

It will be noticed that no motion for judgment notwithstanding the verdict was urged, and that the trial court has rendered judgment on the verdict. The defendant so moved. Being dissatisfied with the judgment, the plaintiff appealed to the Court of Civil Appeals for the Texarkana District, and same was by the Supreme Court transferred to this Court.

■ It is universally recognized that, where material issues are submitted to the jury and they are supported by evidence, the trial court cannot ignore the verdict, when the findings are conflicting, but must set aside the verdict and declare a mistrial.

■ Conversely stated, for a trial court to be warranted in ignoring findings made by the jury, in a case such as we have under consideration, the issues submitted must be immaterial, or there must be a want of evidence to support the verdict, so that the trial court may be justified in saying that no such issue was raised.

■ We are of opinion that the finding of the jury, to the effect that the operation upon appellant "was not unsuccessful" (Issue 11), and the finding that appellant has been partially incapacitated (Issue 15), and that the percentage of incapacity is 33⅓ percent (Issue 16), and that the incapacity is not permanent (Issue 17), but that it will continue for a period of 75 weeks (Issue 18), present irreconcilable conflicts.

How can it be said that the operation was successful and yet the appellant's injuries have partially incapacitated him, and such incapacity amounts to 33⅓ percent, and same will continue for 75 weeks?

If the operation for the injuries was successful, there could be no partial incapacity from the hernias and no such incapacity could be found to exist for any period of time or for any definite percentage.

■ To us it seems evident that the jury was confused. How the confusion may be avoided, we are compelled to leave to the Supreme Court. That Court has definitely decided that total and permanent incapacity must be submitted unconditionally and that the issues touching partial incapacity, the permanency thereof, or the duration thereof and the extent thereof, all must be likewise unconditionally submitted.

If we analyze the jury's verdict, we think that it was concluded that the operation was not altogether unsuccessful, but that, in spite of the operation, this employee's injuries caused him partial incapacity to labor and that such incapacity, amounting to 33⅓ percent, will be suffered by the employee for 75 weeks.

■ We do not agree with appellee's contention that, in the absence of a statement of facts, we must hold that the judgment of the trial court is supported by the testimony.

We do not have before us a case where a motion for judgment non obstante veredicto was duly presented and judgment rendered in the light of such motion. Here is a case wherein the trial court undertakes to render judgment on the verdict.

■ We think it is our duty to presume that every issue submitted to the jury, in this case, was supported by evidence adduced at the trial. Double Seal Ring Co., Inc. v. Keith, Tex.Civ.App., 107 S.W.2d 428, writ refused.

The first and second assignments of error are well taken. The verdict of the jury is so conflicting that no judgment may be rendered thereon.

■ We are of the further opinion that where an employee sustains two separate

and distinct hernias, on two separate and distinct occasions, he should not be limited, under the Workmen's Compensation Law (Arts. 8306 to 8309a, inclusive), to compensation for one specific injury.

It occurs to us that an employee who suffers an injury that results in a hernia on one side, on December 17, 1936, and who, subsequently, on December 23, 1936, suffers another injury which results in a hernia on the other side, is one who is physically damaged far more than he would have been had he received only one hernia.

What is the difference, in reason, between such a situation, as is presented in this case, and that of an employee who sustains an injury to his left hand and some months later receives an injury to his right hand?

■ We find that section 12 (Art. 8306) provides for named specific injuries and sets forth: "Where the employé sustains concurrent injuries resulting in concurrent incapacities, he shall receive compensation only for the injury which produces the longest period of incapacity; but this section shall not affect liability for the concurrent loss or the loss of the use thereof of more than one member, for which member compensation is provided in this schedule, compensation for specific injuries under this law shall be cumulative as to time and not concurrent."

Why this provision? Obviously to give compensation for injuries to specific members, even when such injuries are sustained at the same time and in the same accident.

We are aware of the fact that the specific injury which produces hernia is provided for in section 12b of Article 8306, and that the text does not mention two or more hernias and that it makes no provision for concurrent compensation for two or more hernias, and none that such compensation shall be cumulative. These matters are left "open", unless the provisions quoted above are intended to apply.

We are familiar with the decision of the Court of Civil Appeals for the Eastland District, in the case of Texas Employers' Ins. Ass'n v. Henson, 31 S.W.2d 669, wherein the court virtually holds that hernia is not a specific injury, in the same sense as the injuries enumerated in section 12 of Article 8306, and that such injury being specifically provided for in section 12b of said Article, the other provisions of the Compensation Law do not apply to hernia cases.

A writ being granted in that case, the Supreme Court reformed and affirmed the judgment, on motion for rehearing, after having first reversed and remanded the cause. See 48 S.W.2d 970, and 52 S.W.2d 247.

The Supreme Court did not comment or pass upon the holding by the Court of Civil Appeals of which we make mention. This, evidently, because such holding was not absolutely necessary to a decision of the controlling matters then before the Supreme Court.

■ We are inclined to the opinion that all of the provisions of the Article (8306) should be taken into consideration but, if we are in error, then the law being silent on the question of the rights of an employee who sustains two hernias at different times, each brought about by different injuries, in giving a liberal construction of the said statute, as we ought and must, we feel inclined to hold that an employee who suffers two distinct hernias by and through two separate and distinct injuries ought not to be limited to a recovery for only one hernia, even though the periods of disability, or of compensation, may be shown to overlap or run in part concurrently.

Why is this not fair to the injured employee? And under what theory ought a construction be placed upon the statute that is not fair to the employee?

■ Being of the opinion that the cause should be reversed and remanded, we suggest that proper issues relating to the weekly wage of the employee should be given to the jury.

It doubtless is the opinion of appellant that the insurance carrier having specifically pleaded that it had paid appellant compensation at the rate of $15.55 per week, for 26 weeks, and that having performed an operation upon appellant for repair of the hernias, which operation was successful, it has discharged its duty to the employee, such allegations are sufficient to establish the weekly wage.

With this we cannot agree, because appellant alleged a higher wage rate and sought to recover such higher rate.

For the reasons stated, the judgment of the trial court is reversed and the cause is remanded for a new trial.