SAFETY CASUALTY COMPANY v. MARTIN E. LONG.

No. 7624. Decided May 28, 1941.
Rehearing overruled July 9, 1941.
(152 S. W., 2d Series, 1102.)

210

*Bramlett, Levy & Dotson,* of Longview, for plaintiff in error.

The Court of Civil Appeals erred in holding that the findings of the jury upon the special issue that the operation performed upon the plaintiff for hernia "was not unsuccessful," and the further answers to the special issues relating to partial, disability presented "irreconcible conflicts," and was so conflicting that "no judgment may be rendered thereon." Moore v. Otto Gas Engine Works, 121 N. Y. S. 631; Atlas v. Byers, 21 S. W. (2d) 1080; 41 Tex. Jur. 1226; Speer on Special Issues 560.

*Jones & Jones,* of Longview-Marshall, for defendant in error.

When a jury, in answer to certain special issues, finds that an operation for hernia is successful, and in answer to other special issues finds that because of his hernias the claimant

is suffering from general disability, an irreconcilable conflict on a material issue exists, rendering it impossible for a court to render a judgment on the verdict. New Amsterdam Casualty Co. v. Reeves, 300 S. W. 206; Southern Casualty Co. v. Fulkerson, 45 S. W. (2d) 152; Traders & Gen. Ins. Co. v. Fletcher, 118 S. W. (2d) 347.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

This is a compensation case. Martin E. Long is the employee, and Safety Casualty Company is the insurance carrier. They will be designated plaintiff and defendant.

As settled by the findings of the jury, plaintiff on December 17, 1936, while in the course of his employment, suffered an injury which resulted in a compensable hernia on one side. On December 23, 1936, while in the course of his employment, plaintiff suffered another separate and distinct injury which resulted in a compensable hernia on the other side. The defendant Insurance Company furnished to plaintiff, as provided by law, a surgical operation for said hernias, and this operation was successful.

Being dissatisfied with the award of the Industrial Accident Board, plaintiff filed this suit in the district court claiming total permanent disability and contending for a higher weekly wage than awarded to him by the board. In the alternative, he claimed a compensation for twenty-six weeks each for the two separate injuries. Issues concerning the injuries and resulting hernias were submitted to the jury, but no issue concerning total permant disability was submitted. The court submitted an issue concerning partial disability. The jury found that there was partial disability to the extent of 33 1/3 per cent, which continued for seventy-five weeks. The trial court entered judgment in favor of plaintiff for one hernia, awarding compensation for twenty-six weeks on the basis of $15.55 per week. Defendant having paid at that rate for twenty-five weeks, and having tendered into court payment for the remaining one week, plaintiff was denied any further recovery.

The judgment of the district court was reversed by the Court of Civil Appeals and the cause remanded. 128 S. W. (2d)

92. The Court of Civil Appeals held that there was an irreconcilable conflict between the finding of the jury that the operation was successful and the finding that plaintiff suffered partial incapacity for seventy-five weeks. This was error. In the recent case of National Mutual Casualty Co. v. Lowery 136 Texas 188, 148 S. W. (2d) 1089, the Supreme Court said:

"If the injured employee submits to a hernia operation, and same is successful, he is entitled to compensation for twenty-six weeks. Compensation for twenty-six weeks is absolutely fixed regardless of the time of actual disability. Also this is in addition to surgical benefits."

1  An operation for hernia necessarily results in a period of disability. Such period varies in different cases. The Legislature has undoubtedly arbitrarily determined what it considered the maximum general average, and fixed the compensation absolutely at twenty-six weeks in all cases. This being true, the issues concerning partial disability are wholly immaterial and should be given no consideration.

2  The Court of Civil Appeals was of the opinion that the trial court erred in not awarding compensation for twenty-six weeks for each hernia. We agree with this holding. Hernia, in the sense that it is compensable under the statute without regard to the extent of disability, is unquestionably a specific injury; and especially so after a successful operation. It may properly be designated a "schedule injury." It appears to be well settled that when there are two or more independent injuries, for each of which there is a scheduled amount of compensation, an award may be made for each. 71 Corpus Jur., p. 835, sec. 549.

Defendant relies upon that part of section 12 of Article 8306, which reads as follows:

"Where the employee sustains concurrent injuries resulting in concurrent incapacities, he shall receive compensation only for the injury which produces the longest period of incapacity; but this section shall not affect liability for the concurrent loss or the loss of the use thereof of more than one member, for which member compensation is provided in this schedule, compensation for specific injuries under this law shall be cumulative as to time and not concurrent."

It also relies upon section 12c of Article 8306 as follows:

"If an employee who has suffered a previous injury shall suffer a subsequent injury which results in a condition of incapacity to which both injuries or their effects have contributed, the association shall be liable because of such injury only for the compensation to which the subsequent injury would have entitled the injured employee had there been no previous injury."

We think this contention is by analogy disposed of in the case of Texas Employers' Ins. Ass'n. v. Maldeon, 27 S. W. (2d) 151 in this language:

"It is provided in the Workmen's Compensation Act, section 12, article 8306: 'Where the employee sustains concurrent injuries resulting in concurrent incapacities, he shall receive compensation only for the injury which produces the longest period of incapacity.'

"Under the above-quoted provisions of section 12 of the Compensation Act with reference to a recovery for concurrent injuries resulting in concurrent incapacities, defendant in error can only recover for the injury which produced the longest period of total incapacity, which in this case, under the findings of the jury, would justify a recovery for only 19 weeks' total incapacity, instead of 29 weeks, as determined by the Court of Civil Appeals.

"It is true the above provision is modified by the latter part of the same section of the statute, which provides: 'But this section shall not affect liability for the concurrent loss or the loss of the use thereof of more than one member, for which member compensation is provided in this schedule, compensation for specific injuries under this law shall be cumulative as to time and not concurrent.'

"We think, however, that the latter part of the section refers only to cases where the employee's disability results from more than one specific injury, and not to cases where the disability results from a general injury, and a specific injury. In such cases, that is, cases where the disability results from more than one specific injury, he is entitled to recover the compensation provided by statute for each specific injury. To

illustrate, if an employee is totaly disabled for 20 weeks by reason of the loss of one hand, and at the same time is also totally disabled for 10 weeks by the loss of one foot, he would be permitted recovery for the total disability for each of the members; this because each such injury would be specific."

We are decidedly of the opinion that hernias produced at different parts of the body, at different times, by independent injuries, are each to be regarded as specific injuries and each are compensable according to the statute. Whether the compensation for each should be paid concurrently or consecutively need not be determined herein. Compensation for one hernia has already been paid, and compensation for the other is long since past due.

In petition for writ of error defendant prays that "the judgment of the Court of Civil Appeals be reversed and the judgment of the District Court be in all things affirmed, or that the judgment of the District Court be reformed so as to award recovery of Nine Hundred Forty-five and No/100 ($945.00) Dollars, as may be determined by this Court, less the Three Hundred Eighty-Eight and 75/100 ($388.75) Dollars received." Having disagreed with the Court of Civil Appeals on the question upon which it reversed the cause, and having settled the law contrary to defendant on the other question discussed by the Court of Civil Appeals, we feel authorized to follow the above mentioned request of plaintiff in error. It appears that the sum of $945.00 is slightly in excess of compensation for fifty-two weeks at $15.55 per week, but undoubtedly interest has been included in the offer. For the reasons stated, the judgment of the Court of Civil Appeals is reversed, and the judgment of the district court is hereby reformed so as to award recovery to plaintiff in the sum of $945.00, less the credit of $388.75 heretofore paid.

The plaintiff in error having made the same tender in the Court of Civil Appeals as is made here, it is our conclusion that the defendant in error Martin E. Long should pay the costs incurred in this Court.

Opinion adopted by the Supreme Court May 28, 1941.

Rehearing overruled July 9, 1941.