## The TRAVELERS INSURANCE COMPANY, Appellant,

v.

## Wilbert J. THERIOT, Appellee.

### No. 6514.

Court of Civil Appeals of Texas.

Beaumont.

Jan. 11, 1962.

Rehearing Denied Feb. 7, 1962.

Strong, Pipkin, Strong & Nelson, Beaumont, for appellant.

Alvin E. Wiggins, Beaumont, for appellee.

McNEILL, Justice

Appellee instituted this suit to recover Workmen's Compensation benefits for two hernias which he contended resulted from a single accidental injury occurring March 31, 1960, while working in the scope of his employment for his employer.

The issues having been given to the jury, it found that appellee had sustained a hernia to his right side and a hernia to his left side as a result of one accident or occurrence. The trial court rendered judgment on this verdict in favor of appellee for two hernias at the rate of $35.00 per week for 52 weeks.

Appellant's sole point asserts that the court was in error in awarding appellee 52 weeks compensation, there being only one accident, and the provisions of Sec. 12b of Art. 8306, Vernon's Ann.Tex.St., the hernia section, limits payment in such case to 26 weeks compensation. The exact question is one of first impression in this state. The only case which comes close to the problem is Safety Casualty Co. v. Long, 137 Tex. 209, 152 S.W.2d 1102, which both parties cite. While not directly in point, it is helpful upon the question before us. The facts in that case were that the

employee, as result of one occurrence on December 17th sustained a hernia on one side, and a week later as result of another occurrence sustained a hernia on the other side. He was operated upon for both hernias and the operation was successful. As result he sought compensation of 26 weeks for each hernia. The carrier claimed the statute limited recovery for both hernias to a recovery of one 26 weeks of compensation.

In reaching its conclusion sustaining the employee the Supreme Court held that a hernia is a specific injury and that it may be properly designated a "schedule injury." Following this it was said in the court's opinion (p. 1103 of 152 S.W.2d): "It appears to be well settled that when there are two or more independent injuries, for each of which there is a scheduled amount of compensation, an award may be made for each. 71 Corpus Jur., p. 835, § 549." No statement of facts was brought up in the present case, but it is clear from the briefs that there were two separate and distinct hernias.

In construing Sec. 12b of Art. 8306 we should keep in mind that the Workmen's Compensation Act is construed liberally in favor of the employee. In so doing we hold that Sec. 12b of Art. 8306, V.A.T.S., provides for a "scheduled amount of compensation" (within the meaning of the above quoted language from the Long case) for each hernia, upon which the operation was successful. A thoughtful reading of this section shows beyond material doubt that its terms apply to and deal with only one hernia. The words, "the hernia" is used three distinct times in the section. And referring to this phrase in the concluding paragraph is found the phrase "such hernia". These phrases show that the section was intended to define the rights of the parties where a single, distinct hernia is involved. It must, therefore, be implied therefrom that each distinct hernia invokes the provisions of said section as a separate and distinct injury. It

logically follows from this that each hernia sustained, upon which the operation is successful, brought about by either one occurrence as defined in the section, or by a second occurrence, are separate injuries for each of which the employee is entitled to recover 26 weeks compensation.

Appellant lays stress upon the beginning clause of Sec. 12b, which reads: "In all claims for hernia * * * it must be definitely proven * * *" and then follows four distinct requirements before recovery is allowed. It is argued that the phrase "all claims" groups all injuries under this section as one injury. We do not give these words such meaning. Rather, as used in the section, they are synonymous with the phrase "every claim".

The judgment of the trial court is affirmed.