**Oliver LONDON, Appellant,**

v.

**UNITED STATES FIDELITY & GUARAN-TY COMPANY, Appellee.**

No. 7448.

Court of Civil Appeals of Texas.

Texarkana.

March 12, 1963.

Rehearing Denied April 9, 1963.

Gallagher, Francis, Bean, Wilson & Berry, Dallas, Florence, Garrison & Holt, Gilmer, Baldwin & Baldwin, Marshall, for appellant.

Kenley, Ritter & Boyland, Longview, for appellee.

DAVIS, Justice.

A workman's compensation case. Appellant received an injury while working for Eastman Kodak Company, Texas Eastman Company Division, on August 29, 1959, in Harrison County, Texas. He alleged in his petition that he sustained permanent injuries. By supplemental pleading he alleged he received various *specific injuries*. In a trial to a jury, the jury found that he did not receive any injury to his body. The

jury did find that he received the following three specific injuries: (1) Sixty weeks total loss of the use of the left leg; (2) 25% of permanent partial loss of the use of the left leg; (3) Fifty-nine weeks of total loss of the use of the right hand; (4) 40% permanent partial loss of the use of the right hand; (5) Fifty-nine weeks total loss of the use of the left hand; (6) 50% permanent partial loss of the use of the left hand.

The trial court entered a judgment allowing the appellant 59 weeks of total disability, and allowed him $8.75 per week for 140 weeks for the permanent partial loss of the use of the left leg; $14.00 per week for 91 weeks for permanent partial loss of the use of the right hand, and $17.50 for 91 weeks for permanent partial loss of the use of the left hand.

Appellant has perfected his appeal and brings forward three points of error. By the points, he says that the trial court erred in failing to give the proper amount of Workmen's Compensation benefits for the *specific injuries,* and entering a judgment for a lesser amount than was awarded by the jury. According to the jury's answers, there were three *specific injuries* for which certain amounts are allowed under Art. 8306, Sec. 12, R.C.S. Not much has been written on the question of *specific injuries* in Texas. In the case of Travelers Insurance Company v. Theroit, Tex.Civ.App., 353 S.W.2d 511, error refused, it was held that a workman receiving two hernias as a result of a single accident was entitled to 52 weeks compensation; not just 26 weeks. Specific Injuries, see McCartney v. Aetna Casualty & Surety Company, Tex.Sup.Ct., 362 S.W.2d 838. In Griffith v. Goforth, 184 Tenn. 56, 195 S.W.2d 33, the court held that where a party received multiple *specific injuries* that he was entitled to recover under the *specific injury* statutes, even though he would recover more than was allowed by law for total disability. See, 58 Am. Juris. 787, Sec. 295; 99 C.J.S. Workmen's Compensation § 308, p. 1111; 99 C.J.S. Workmen's Compensation § 309, p. 1117;

99 C.J.S. Workmen's Compensation § 310, p. 1118.

Art. 8306, Sec. 12 "Specific Compensation", reads, in part, as follows:

"For the injuries enumerated in the following schedule the employee shall receive in lieu of *all other compensation* except medical aid, hospital services and medicines as elsewhere herein provided, a weekly compensation equal to sixty per cent (60%) of the average weekly wages of such employee, but not less than Nine Dollars ($9) per week nor exceeding Thirty-five Dollars ($35) per week, *for the respective periods stated herein,* to wit:

\* \* \* \* \* \*

"For the loss of a hand, sixty per cent (60%) of the average weekly wage during one hundred and fifty (150) weeks.

\* \* \* \* \* \*

"For the loss of a leg, at or above the knee, sixty per cent (60%) of the average weekly wages during two hundred (200) weeks.

\* \* \* \* \* \*

"In the foregoing enumerated cases of permanent, partial incapacity, it shall be considered that the permanent loss of the use of a member shall be equivalent to and draw the same compensation as the loss of that member.

\* \* \* \* \* \*

" \* \* \* but this Section shall not *affect liability for the concurrent loss or the loss of the use thereof of more than one (1) member,* for which member compensation is provided in this schedule, compensation for *specific injuries* under this law *shall be cumulative* as to time and not concurrent.

"In all cases of permanent partial incapacity it shall be considered that the permanent loss of the use of the member is equivalent to, and shall draw the same compensation as, the loss of that member; but the compensation in and by said schedule provided *shall be*

*in lieu of all other compensation* in such cases. \* \* \*" (Emphasis added).

It is elementary that the Courts must liberally construe the Workmen's Compensation statutes in favor of the employee. Under such a liberal construction, the injuries were *specific injuries*. The appellant is entitled to receive $35.00 per week for sixty weeks for the total loss of the use of the left leg, and $8.75 per week for 140 weeks for the permanent partial loss of the use of the left leg. He is entitled to receive $35.00 per week for 59 weeks for the total loss of the use of the left hand, and $17.50 per week for 91 weeks for the permanent partial loss of the use of the left hand. He is entitled to receive $35.00 per week for 59 weeks for the total loss of the use of the right hand, and $14.00 per week for 91 weeks for the permanent partial loss of the use of the right hand.

The judgment of the trial court is reformed so as to allow the foregoing recoveries, and as reformed is affirmed.