**ROYAL INDEMNITY COMPANY,**
Appellant,

v.

**R. G. DENNIS, Appellee.**

No. 16746.

Court of Civil Appeals of Texas.

Fort Worth.

June 17, 1966.

Rehearing Denied July 15, 1966.

Stone, Parker, Snakard & Brown, and Lawton G. Gambill, Fort Worth, for appellant.

Harris & Ball, and Chester G. Ball, Arlington, for appellee.

## OPINION

MASSEY, Chief Justice.

Vernon's Ann.Tex.Civ.St., Art. 8306, Texas Workmen's Compensation Act, § 12b, "Hernia", contains provisions relative to hernias for which compensation is payable. In general those in which successful results are obtained as the result of a radical operation to relieve the herniated condition entitled the claimant to be paid compensation for twenty-six (26) weeks. As applied to those which cannot be operated, or those wherein successful results are not obtained as the result of operations, the claimant (if he does not die) is entitled to receive compensation under the general provisions of the law.

The question posed on appeal is whether in a case where an operation to correct the condition of hernia is unsuccessful, accompanied by a jury finding that the claimant sustained a total disability for a period of only six (6) weeks, the trial court must render judgment awarding only six (6) weeks of compensation (under the general provisions of the law)—or whether the claimant (on motion therefor) is entitled to have judgment for twenty-six (26) weeks of compensation.

In the trial court the jury returned findings which confronted the trial judge

with this exact question. The court rendered judgment for twenty-six (26) weeks of compensation benefits. On the theory that the judgment should have awarded only six (6) weeks of compensation benefits, the insurance company appealed. The claimant, as appellee, seeks to uphold the judgment.

■ We find no reversible error. The judgment should be affirmed.

Based upon language found in Safety Casualty Co. v. Long, 137 Tex. 209, 152 S.W.2d 1102 (1941), it has been held that a hernia is a specific injury, as distinguished from a general injury, and as such properly designated as a "schedule injury", i. e., one as to which there is a scheduled amount of compensation payable. Travelers Insurance Company v. Theriot, 353 S.W.2d 511 (Beaumont Civ.App., 1962, error refused). The case furthermore holds that in a construction of Sec. 12b of Art. 8306 it should be kept in mind that the Workmen's Compensation Act is to be construed liberally in favor of the employee.

■ In 99 C.J.S. Workmen's Compensation p. 1104, et seq., § 306, "(Schedule Injuries)—In General", it is stated that ordinarily any award of compensation as to an injury included in a schedule is limited and determined thereby. It is also stated (p. 1106) that scheduled compensation for a specific injury is in the nature of damages or indemnity for the physical or functional loss and is to be awarded even though there is no loss of earning power or wages and without regard to the extent of the disability suffered. Texas cases are cited as authority under the note. It is also stated (p. 1107) that compensation for scheduled injuries becomes due when no further improvement in the injured member can reasonably be made. It is obvious from the entire text that an underlying theory of workmen's compensation laws is that the payment of prescribed amounts or for prescribed terms in instances where claims are predicated upon "scheduled injuries" is an imposition of a restriction and is further-

more in the denial of general disability compensation. Especially is this true as applied to compensable hernias.

In the instant case the insurance company insists that the language of the law (Art. 8306, § 12b) means what it says, to-wit: "If such operation is not successful and does not result in death, he (the employee) shall be paid compensation under the general provisions of this law the same as if such operation had not been had; * * *."

■ To construe the Workmen's Compensation Act or any part thereof, where there is room for construction, so that absurd consequences would be the necessary result should be avoided. Fidelity & Casualty Company of New York v. Shores, 329 S.W.2d 911 (Fort Worth Civ.App., 1959, error refused). In the trial court the insurance company, alternatively, contended that if the claimant was entitled to compensation it would be on the premise that the operation was successful (not unsuccessful). Under the peculiar situation presented on this appeal, where the appealing insurance company necessarily reverses itself as applied to the theory on which it sought to best the claimant in the trial court and insists that claimant's compensation should be reduced to six (6) weeks because his operation was unsuccessful, we believe that an absurd consequence would be the result if we should sustain the contention. There is room for construction of the pertinent language of Art. 8306, § 12b, as applied to the instant circumstances. We are convinced and hold that twenty-six (26) weeks compensation is the minimum amount payable in instances of compensable hernias where there has been a radical operation which proves unsuccessful.

■ The insurance company attempts to bolster its position by complaining that there was not a compliance with procedural aspects for operative procedure under Art. 8306, § 12b. The claimant was operated on by his own physician shortly after he was injured, and there was not in this instance the delay attendant to a decision by the

insurer to tender an operation, or for the Industrial Accident Board to direct such, etc. However, at no time did the insurance company register any complaint because the operation had been attempted. It was satisfied to accept the operative procedure initiated by the claimant. No additional operation was sought. No complaint is made of that part of the judgment which requires the insurance company to pay the medical and hospital expenses incident thereto. In fact it was stipulated on trial that they were reasonably and were necessarily incurred. Under these circumstances the legal position of the insurance company is not aided.

Judgment is affirmed.