**ROYAL INDEMNITY COMPANY,**
Petitioner,

v.

**R. G. DENNIS, Respondent.**

**No. A–11664.**

Supreme Court of Texas.

Dec. 31, 1966.

Stone, Parker, Snakard & Brown, Lawton G. Gambill, Fort Worth, for petitioner.

Harris & Ball, Chester G. Ball and Joseph W. Stewart, Arlington, for respondent.

**WALKER, Justice.**

This is a workmen's compensation case. R. G. Dennis, respondent, suffered a compensable inguinal hernia. He underwent an operation, which the jury found was not successful. The jury also found that he sustained temporary total disability for six weeks followed by permanent partial disability, but that his wage earning capacity was not diminished during such period of partial disability. The trial court rendered judgment in respondent's favor for his hospital and medical expenses plus compensation for 26 weeks at $35.00 per week, and the Court of Civil Appeals affirmed. 404 S.W.2d 951. We hold that respondent is entitled to compensation for only the six weeks of total disability found by the jury.

Subject to certain limitations not material here, Section 12b of Article 8306 by its terms requires that a compensable hernia be regarded as a general injury in three situations: (1) where the claimant refuses an operation and it appears to the Board that surgery would be more than ordinarily unsafe; (2) where the claimant refuses to submit to surgery after the Board unanimously concludes that there has been no showing that his condition renders an operation more than ordinarily unsafe; and (3) where the claimant submits to an operation which is not successful and does not result in death. The provisions of the statute with which we are now concerned read as follows:

"If the employé submits to the operation and the same is successful, which shall be determined by the board, he shall in addition to the surgical benefits herein provided for be entitled to compensation for twenty-six weeks from the date of the operation. If such operation is not successful and does not result in death, he shall be paid compensation under the general provisions of this law the same as if such operation had not been had; other than in determining the compensation to be paid to the employé, the board may take into consideration any minor benefits that accrued to the employé by reason thereof or any aggravation or increased injury which accrued to him by reason thereof."

Respondent argues that the 26 weeks of compensation which must be paid in the event of a successful operation is the minimum that may be awarded when the operation is not successful. We agree with the Court of Civil Appeals that it is somewhat anomalous for a claimant who has a successful hernia operation to receive more compensation than one whose operation is unsuccessful. The statute is quite plain, however, and in our opinion it is not subject to the construction urged by respondent. If the operation is not successful and does not result in death, the claimant is to be paid under the general provisions of the law as if no operation was had, except that consideration may be given to benefits or aggravation resulting from the operation. No provision is made for specific or minimum compensation in the event of an unsuccessful operation. Respondent sought to recover for a general injury in the trial court, and under the jury findings that is the only basis upon which he is entitled to compensation. In view of the findings that he suffered only six weeks of compensable disability, the courts below erred in holding that he should be compensated for 26 weeks of total incapacity as for a specific injury.

Although the charge in the present case contains the definition of "partial disability" that was used in Indemnity Ins. Co. of North America v. Craik, 162 Tex. 260, 346 S.W.2d 830, respondent filed a motion for mistrial on the ground that the findings of permanent partial disability were in fatal conflict with the finding that he would suffer no diminution of earning capacity during the existence of such partial disability. By cross-point in the Court of Civil Appeals, he insisted that the trial court erred in overruling this motion. His reply to the application for writ of error contains two cross-points which assert, in effect, that the Court of Civil Appeals erred in failing to consider and sustain his cross-point there. This contention, if sustained,

would lead to a modification of the judgment of the Court of Civil Appeals, and the same cannot be considered because it was not brought forward by an application for writ of error. See Sears, Roebuck & Co. v. Robinson, 154 Tex. 336, 280 S.W.2d 238; Calvert, Some Problems of Supreme Court Review, 21 Tex.Bar Jour. 75.

The judgments of the courts below are reversed, and the cause is remanded to the district court with instructions to enter judgment in respondent's favor for his hospital and medical expenses plus compensation for six weeks at $35.00 per week plus interest and costs of suit in the trial court. Costs of appeal are adjudged against respondent.