The NORTHERN ASSURANCE
COMPANY OF AMERICA,
Appellant,

v.

Larry R. GUTIERREZ, Appellee.

No. 08–86–00231–CV.

Court of Appeals of Texas,
El Paso.

March 18, 1987.

Jeffrey S. Alley, Scott, Hulse, Marshall, Feuille, Finger & Thurmond, El Paso, for appellant.

John Grost, El Paso, for appellee.

Before OSBORN, C.J., and SCHULTE and FULLER, JJ.

OPINION

FULLER, Justice.

In a worker's compensation case, the trial court disregarded certain jury findings and entered judgment for Appellee for total and permanent benefits. We reverse the judgment of the trial court and remand the case with instructions to enter judgment for Appellee for twenty-six weeks of compensation as provided by Tex.Rev.Civ. Stat.Ann. art. 8306, sec. 12b (Vernon 1967).

Appellee had previously undergone surgery for the removal of his gall bladder and appendix which required an incision in the abdominal area. Thereafter, on May 13, 1983, while carrying a washing machine, Appellee felt a sudden pull in his abdomen at the point of his prior incision. The doctor diagnosed the condition as an incisional hernia and surgery was performed.

Appellee sued under the Texas Worker's Compensation Act, claiming a general injury and seeking total and permanent benefits, and in the alternative claiming a hernia. Appellant contended that Appellee

had suffered a hernia and since the surgery was successful, he was limited to twenty-six weeks of compensation under the hernia statute. Tex.Rev.Civ.Stat.Ann. art. 8306, sec. 12b (Vernon 1967).

Prior to submission of the case to the jury, Appellee and Appellant stipulated that Appellee's hernia (1) appeared suddenly and immediately following the injury of May 16, 1983; (2) the protrusion of the intestine did not exist in any degree before May 16, 1983; and (3) the hernia was accompanied by pain. Appellee stipulated to all the requisite elements to establish recovery under the hernia statute, but he contended that this particular incisional hernia was not within the purview of the hernia statute, but was a general injury.

The trial court submitted an issue on whether or not Appellee's injury was confined to a hernia, and in the event of a "yes" answer, the jury was to answer whether or not the operation was successful. The next issue was not conditionally submitted on a "no" answer by the jury but merely submitted issues on total incapacity. The jury in answer to the issues submitted found: (a) Appellee's injury was confined to a hernia; (b) that the operation was successful; and (c) that Appellee was totally and permanently disabled as a result of the injury.

After the verdict, both Appellant and Appellee moved for judgment, the Appellee urging the court to disregard the issues on hernia and Appellant urging that the court disregard the issues on total incapacity. The trial court found as a matter of law that Appellee's injury was not a hernia compensable only under Article 8306, sec. 12b, and that as a matter of law, the surgical repair of Appellee's injury was not successful and there was no evidence to support the jury's finding that the surgery was successful. The trial court, therefore, disregarded the answers of the jury as to the hernia and entered judgment for Appellee for total and permanent benefits.

Points of Error Nos. One, Two, Three, Four and Five complain that the trial court erred in disregarding the jury's finding as to the hernia issues; erred in not disregarding the jury's answer to the issues on total incapacity; erred in entering judgment for total and permanent benefits and erred in not entering judgment limiting the recovery to hernia benefits.

What we must now resolve is whether or not Appellee's incisional hernia was a general injury as a matter of law or a hernia within the purview of the hernia statute of the Worker's Compensation Act, which limits recovery.

There are many types of hernias and not all are within the purview of Article 8306, sec. 12b, such as a hiatal hernia. *Texas Employers' Insurance Association v. Shelton*, 161 Tex. 259, 339 S.W.2d 519 (1960). In the Shelton case, the court described the inguinal hernia as one that is readily diagnosed and is usually corrected by a comparatively simple operation.

A hernia is generally described as a protrusion of any organ through an abdominal opening in the wall of the containing cavity. When the word "hernia" or "rupture" is used without qualification, it is intended to mean a protrusion from the abdomen usually of the intestine through an abnormal opening in the abdominal wall. Gray: Attorney's Text Book of Medicine, 3rd ed. Vol. 3, sec. 65.02. There is an abundance of medical testimony in the record that the Appellee's incisional hernia, which occurred in the abdominal area, was readily diagnosed and subject to correction by a simple operation and that the repair was successful.

Dr. Ariel Rodriguez examined the Appellee at the request of his attorney and found that the hernia repair was satisfactory. Dr. Rodriguez further found that the Appellee was overweight and that if he would go on a diet, reduce his weight and exercise that he would anticipate it would "take a minimum of about six months to rehabilitate this individual to the point where he could do heavy manual work."

In the case of *Safety Casualty Co. v. Long*, 137 Tex. 209, 152 S.W.2d 1102 (Comm'n App.1941, opinion adopted), the injured party was operated on for two hernias and the operation was successful. He sued for total and permanent benefits, and

in the alternative for twenty-six weeks of compensation for each hernia. The trial court submitted the hernia issues, refused to submit total and permanent issues, but did submit partial disability issues. The jury found partial disability, and the trial court entered judgment for one hernia or twenty-six weeks of compensation, plus partial disability as found by the jury. The Court of Civil Appeals reversed and remanded, finding a conflict between the findings of the jury that the operation was successful, and finding that the plaintiff was partially incapacitated for seventy-five weeks. The Texas Commission of Appeals found the Court of Civil Appeals was in error, citing *National Mut. Casualty Co. v. Lowery,* 136 Tex. 188, 148 S.W.2d 1089 (1940), which said that if an injured party submits to a hernia operation and it is successful, he is entitled to compensation for twenty-six weeks regardless of the time of actual disability. The court said that the legislature fixed twenty-six weeks of compensation, knowing that some will recover earlier and others will take longer. The court said that the issues concerning partial incapacity were wholly immaterial and should have been given no consideration, and further that the trial court erred in not awarding the injured party for two hernias instead of one.

Certainly not all incisional hernias would be limited to recovery under our hernia statute. Those that did not occur in the abdominal region would probably be outside the limitations of the statute. Those incisional hernias in the abdominal area where repair was unsuccessful would not be subjected to the limitations.

In our case, Appellee and Appellant have stipulated to all the requisite elements to establish recovery under the hernia statute. Article 8306, sec. 12b, Tex.Rev.Civ.Stat. Ann. (Vernon 1967). The trial court having submitted and the jury having found that Appellee's injury was confined to a hernia and that the operation was successful, the trial court erred in disregarding the jury's answers and instead should have disregarded the jury's answers to the total incapacity issues. There was clearly evidence on which the jury found that the Appellee's

injury was confined to a hernia and that it was successfully repaired.

The trial court erred in rendering judgment for total and permanent disability; erred in failing to render judgment on the jury's findings that the employee's injury was confined to a hernia and that, therefore, the employee was entitled to twenty-six weeks of compensation benefits; and the trial court further erred in disregarding the jury's finding that the hernia was successfully repaired. Appellee's Points of Error Nos. One, Two, Three, Four and Five are sustained. We need not deal with the remaining points in view of the disposition of the case.

We reverse the decision of the trial court and remand the case with instructions to the trial court to enter a judgment upon the jury verdict for twenty-six weeks of compensation benefits, less the amount, if any, for which the Appellant is entitled to credit.